In re Michael Alan LONG, Debtor.

ITT FINANCIAL SERVICES, Plaintiff,

v.

Michael Alan LONG, Defendant.

Bankruptcy No. 90–0124.
No. 1–90–00191.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Jan. 4, 1991.

John C. Intagliata, Toledo, Ohio, for plaintiff.

Walter L. White, Lima, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Trial on Complaint to Determine Dischargeability of Debt. At the Trial, the parties had the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the testimony, the documents which were admitted at Trial, and the arguments of counsel, as well as the entire record in this case. Based upon that review, and for the following reasons, the Court finds that the debt for Two Thousand Seven Hundred Forty-three Dollars and Ninety-six Cents ($2,743.96) should be nondischargeable.

## FACTS

The Debtor, Michael Alan Long, received a notice from the Plaintiff, ITT Financial Services (hereinafter "ITT"), that a loan had been pre-approved for him. On October 16, 1989, he executed a promissory note to ITT for which he received a loan.

The principal amount of the loan was Two Thousand Five Hundred Fifty-two Dollars and Seven Cents ($2,552.07) at 28.-98 percent interest to be repaid in Twenty-five (25) monthly installments of One Hundred Thirty-two Dollars ($132.00) each. The first installment was due on December 1, 1989. According to ITT, no payments were made on this loan. On January 22, 1990, Mr. Long filed for Bankruptcy.

When ITT filed its Complaint to Determine Dischargeability of Debt, it sought to have the debt declared nondischargeable under Section 11 U.S.C. 523(a)(2)(B), which excepts from discharge those debts obtained through fraud.

## LAW

The Creditor seeks to have its loan declared nondischargeable under Section 523(a)(2)(A), which states in pertinent part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

█ To succeed in its claim, the Creditor must prove the following elements by clear and convincing evidence: (1) that the debtor made false representations; (2) that at the time made, the debtor knew them to be false; (3) that the representations were made with the intention and purpose of deceiving the creditor; (4) that the creditor reasonably relied on the representations; and (5) that the creditor sustained the alleged injury as a proximate result of the representation having been made. *In re Phillips,* 804 F.2d 930, 932 (6th Cir.1986); *In re Martin,* 761 F.2d 1163, 1165 (6th Cir.1985). Additionally, the evidence presented to the Court must be viewed consistent with the congressional intent

that exceptions to discharge be narrowly construed against the creditor and liberally against the debtor, thus effectuating the fresh start policy of the Code. *In re Jenkins,* 61 B.R. 30, 39 (Bankr.D.N.D.1986). However, these considerations apply only to honest debtors. *In re Hunter,* 771 F.2d 1126, 1130 (8th Cir.1985).

■ The major issue to be resolved is whether the Debtor had the intent to deceive the Plaintiff at the time the loan was taken. "Because direct proof of intent (*i.e.,* the debtor's state of mind) is nearly impossible to obtain, the creditor may present evidence of the surrounding circumstances from which intent may be inferred." *Matter of Van Horne,* 823 F.2d 1285, 1287 (8th Cir.1987); *In re Guy,* 101 B.R. 961, 978 (Bankr.N.D.Ind.1988). Additionally, the debtor's state of mind at the time the loan was made can be inferred from his subsequent conduct. *In re Guy,* 101 B.R. at 961; *In re Fitzgerald,* 109 B.R. 893 (Bankr.N.D.Ind.1989); *In re Krause,* 114 B.R. 582 (Bankr.N.D.Ind.1988).

■ A review of the testimony at Trial reveals that the Debtor was asked the question how he expected to repay the loan when his monthly expenses already exceeded his monthly income. He testified that he never really gave it much thought. Furthermore, when asked what he did when the loan came due in December, he testified that he called ITT and informed them that the loan payment would be late. He never made this payment, nor any payment for that matter. The Debtor filed for Bankruptcy on January 22, 1990, three months after he took out the loan. The Court finds that based on the surrounding circumstances and Debtor's conduct, it can infer that Debtor had the intent to deceive the Plaintiff.

ITT suffered a loss which was proximately caused by this false representation by the Debtor. ITT lost its status as a secured creditor which translates into a significant loss in this proceeding.

The Court also notes that Mr. Long is not the honest debtor which the Code was enacted to protect. During Trial, the Debtor testified that he did not include some of his financial obligations in his Bankruptcy petition. He and his wife have joint financial obligations which he chose not to list on his petition, but which he is keeping current. He testified that he made the decision not to list their joint creditors so as not to damage his wife's credit history. This action is a blatant attack on the Bankruptcy system. Bankruptcy is based upon forgiveness of debt rather than retribution, but with the forgiveness of debt comes the duty of following the applicable rules. One of the rules is to list *all* creditors, including joint creditors, not just the ones that the petitioner decides that he doesn't want to pay anymore. This rule effectuates the fresh start policy; but, if all creditors are not listed, the debtor never gets his "fresh start." Thus, the Bankruptcy system becomes a farce.

The Court finds that the Debtor did knowingly make representations, that were made with the intent to deceive, and that the Plaintiff did rely on those representations. As a result, a loss was sustained by the Plaintiff.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the debt for Two Thousand Seven Hundred Forty-three Dollars and Ninety-six Cents ($2,743.96) be, and is hereby, NONDISCHARGEABLE, under 11 U.S.C. Section 523(a)(2)(A).