In re Richard/Jacquelene WEAVER, Debtors.

CITIBANK, Plaintiff,

v.

Jacquelene WEAVER, Defendant.

Bankruptcy No. 91–3132.
Related No. 91–30091.

United States Bankruptcy Court, N.D. Ohio, W.D.

Jan. 7, 1992.

Darryl J. Chimko, Rochester Hills, Mich., for plaintiff.

Dean E. Sheldon, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Trial on Complaint to Determine Dischargeability of Debt. At the trial, the parties had the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the testimony, the documents which were admitted at Trial, and the arguments of counsel, as well as the entire record in this case. Based upon that review, and for the following reasons, the Court finds that the debt for Three Thousand Six Hundred Eighty–Five Dollars and Sixty–Seven Cents ($3,685.67) should be nondischargeable.

### FACTS

The Debtor, Jacquelene Weaver, submitted an application for credit to the Plaintiff, Citibank, in order to receive a line of credit in the form of a credit card in June of 1989. Based upon the application and an independent credit investigation, the Plaintiff granted the Debtor a Visa credit card with a credit limit of Five Thousand Dollars ($5,000.00).

The Debtor incurred charges and made the requisite monthly payments until October 11, 1990. From November 20, 1990, to December 3, 1990, the Debtor incurred charges of Six Hundred Eighty–Five Dollars and Sixty–Seven Cents ($685.67) and one cash advance in the amount of Three Thousand Dollars ($3,000.00) for a total of Three Thousand Six Hundred Eighty–Five Dollars and Sixty–Seven Cents ($3,685.67). The Debtor never made a payment on this obligation. The Debtor filed a joint petition for bankruptcy on January 9, 1991. Plaintiff contended that the Debtor was aware of her inability to repay or did not intend to repay the charges incurred on the revolving line of credit. Therefore, when the Plaintiff filed its Complaint to Determine Dischargeability of Debt, it sought to have the debt declared nondischargeable under Section 11 U.S.C. 523(a)(2)(A), which excepts from discharge those debts obtained through fraud.

The Debtor contended that she was unaware of her inability to pay the charges and that she fully intended to pay the charges at the time they were incurred. The Debtor claimed her inability to repay the charges was caused by the sudden and unexpected termination of her husband's employment which ultimately lead to their filing a petition for bankruptcy.

### LAW

The Plaintiff seeks to have the Debtor's charges declared nondischargeable under Section 523(a)(2)(A), which states in pertinent part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

In order for the Plaintiff to succeed in its claim, it must prove the following elements: (1) that the Debtor made false representations; (2) that at the time made, the Debtor knew them to be false; (3) that the representations were made with the intention and purpose of deceiving the Plaintiff; (4) that the Plaintiff reasonably relied on the representations; and (5) that

the Plaintiff sustained the alleged injury as a proximate result of the representation having been made. *In re Phillips*, 804 F.2d 930, 932 (6th Cir.1986); *In re Martin*, 761 F.2d 1163, 1165 (6th Cir.1985). A preponderance of the evidence is the standard to be applied to all Section 523(a)(2)(A) dischargeability exceptions. *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 655, 112 L.Ed.2d 755 (1991).

■ The major issue to be resolved is whether the Debtor had the intent to deceive the Plaintiff at the time the charges were incurred. "Because direct proof of intent, the Debtor's state of mind, is nearly impossible to obtain, the creditor may present evidence of the surrounding circumstances from which intent may be inferred." *In re Long*, 124 B.R. 54, 56 (Bkrtcy.N.D.Ohio 1991); *Matter of Van Horne*, 823 F.2d 1285, 1287 (8th Cir.1987); *In re Guy*, 101 B.R. 961, 978 (Bkrtcy. N.D.Ind.1988).

A review of the testimony at Trial reveals that the Debtor relied solely on her husband's income for support and that she never intended to file for bankruptcy when she had made the charges. She had planned to repay the charges with her husband's paycheck, but she did not remember what she actually did with the final paycheck because she had been ill at that time. When the Debtor was asked why she had signed both her name and social security number, but used her husband's financial information on the credit card application, she testified that she was not very good with paper work. Also, she listed her employment as President of Gro–Care, a corporation in which she had no interest. Her husband testified that he implicitly agreed to repay the charges his wife had incurred, but he had no idea that she had the credit card until the time they filed for bankruptcy. The Court finds it curious that he was willing to repay a debt that he did not know existed.

In addition, the Debtor was unable to logically explain why she was unaware of her tenuous financial condition. The Debtor's husband testified that he did not keep money in their joint bank account due to the fact it was being garnished as a result of a prior lawsuit in relation to his business. He also said that he and his wife would be bankrupt if his business were to go bankrupt. The Debtor testified that she had received some sort of service of process but did not know that it regarded her husband's business. After the Debtor's husband was terminated from his employment on December 27, 1990, the Debtor and her husband filed a petition for bankruptcy on January 9, 1991. The Court finds that, based on the surrounding circumstances and the Debtor's conduct, it can infer that the Debtor had the intent to deceive the Plaintiff.

■ The Court must also determine if the Plaintiff was reasonable in relying on the false representations of the Debtor. Reliance, in credit card financial arrangements, is necessarily limited to only infrequent inquiries by the lending institution as to the credibility of the purchases made on the card holder's account. *In re Satterfield*, 25 B.R. 554, 561 (Bkrtcy.N.D.Ohio 1982). Where a Debtor has a past charge and payment history which would cause no reason for a creditor to question it, it is reasonable for that creditor to continue its creditor/debtor relationship and to reasonably rely on the representations that the debtor has both the intent and ability to repay the charges incurred on a credit card account. *In re Higgs*, 39 B.R. 181, 184 (Bkrtcy.N.D.Ohio 1984). In the present case, the Debtor's past payment and charge history until the charges in question were incurred would give no reason for the Plaintiff to question the Debtor's intent nor ability to repay the charges incurred. Therefore, the Court finds the Plaintiff reasonably relied on the Debtor's false representations.

■ A Creditor will be deemed to have suffered a loss as a result of a Debtor's misrepresentations when they have extended credit for which they have not been compensated. *In re Higgs*, 39 B.R. 181, 185 (Bkrtcy.N.D.Ohio 1984). In the present case, the Debtor has filed a Chapter 7 petition in bankruptcy and has made no offer of repayment of the charges so

that the Plaintiff will suffer a complete loss unless relief is granted.

The Court finds that the Debtor, Jacquelene Weaver, did knowingly make false representations, that were made with the intent to deceive, and that the Plaintiff did rely on those representations. As a result, a loss was sustained by the Plaintiff. Therefore, the debt owed to the Plaintiff is nondischargeable pursuant to Section 523(a)(2)(A).

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

ORDERED that the debt owe to Citibank for Three Thousand Six Hundred Eighty–Five Dollars and Sixty–Seven Cents ($3,685.67) be, and is hereby, declared Nondischargeable.