**In re Donna C. KERN, Debtor.**

**Hillard M. Abroms, Plaintiff,**

**v.**

**Donna C. Kern, Defendant.**

**Bankruptcy No. 02–52948.
Adversary No. 02–02211.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Jan. 29, 2003.

Hillard M. Abroms, Columbus, OH, for Plaintiff.

Louis W. Cennamo, Columbus, OH, for Defendant.

### *ORDER ON MOTION TO DISMISS*

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter comes before the Court upon the Motion of the Defendant, Donna C. Kern, for an Order Dismissing the Amended Adversarial Complaint ("Motion") and the Memorandum Contra of Plaintiff, Hillard M. Abroms, To Motion of Defendant, Donna C. Kern, For An Order Dismissing The Amended Adversarial Complaint. ("Memo Contra"). Defendant, a Chapter 7 debtor, has moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable through Rule 7012(b) of the Federal Rules of Bankruptcy Procedure to dismiss the Plaintiff's Amended Complaint. In count one of the Amended Complaint, plaintiff is seeking nondischargeability of a $16,396.44 debt. Plaintiff claims that his debt is nondischargeable under 11 U.S.C. § 523(a)(2). In count two of the Amended Complaint, Plaintiff is seeking a determination that

his interest is secured and the extent to which his interest is secured.

In determining a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996) (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir.1994)). The Sixth Circuit expounded on this standard in the case of *Andrews v. Ohio*, 104 F.3d 803 (6th Cir. 1997), stating that a complaint need only give "fair notice of what plaintiff's claim is and the grounds upon which it rests." A judge may not grant a Rule 12(b)(6) motion to dismiss based on a disbelief of a complaint's factual allegations. *Anderson v. Pine South Capital, LLC.*, 177 F.Supp.2d 591, 595 (W.D.Ky., 2001). This standard is decidedly liberal, and it requires more than a bare assertion of legal conclusions. "In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d at 805 (quoting *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993))(internal citations omitted).

## I. Statement of Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## II. Procedural Background

Donna C. Kern ("Debtor") filed a voluntary Chapter 7 petition on March 11, 2002. On Schedule F, Debtor listed an unsecured nonpriority claim for Abroms Law Offices. That unsecured claim was listed in the amount of $16,500.00 for "legal bill". On May 9, 2002, Mr. Abroms filed a timely Complaint to determine the dischargeability of the debt. In that Complaint, Mr. Abroms alleged that Debtor owed him $16,396.44 "for attorneys fee (in lieu of spousal support) associated with the termination of marriage." (Complaint, pleading No. 1). Based upon 11 U.S.C. § 523, Mr. Abroms further alleged that his fees were nondischargeable.

On June 4, 2002, Debtor filed a Motion for an Order Dismissing the Adversarial Complaint pursuant to Civil Rule 12(B)(6). Mr. Abroms then filed a Motion for Leave to File an Amended Complaint. The Court approved the Motion for Leave. The first count in the Amended Complaint, in pertinent part, alleged that:

5. Throughout the course of Plaintiff's representation, Defendant made minimal payments on what quickly became a substantial account. Plaintiff continued to represent Defendant, and accepted minimal and sporadic payments as a direct result of Defendant's representations that Plaintiff would be paid out of the property settlement at the conclusion of the divorce proceedings, and specifically upon Defendant's representations that Plaintiff would be paid out of Defendant's share of her former spouse's Ohio Public Employees' Deferred Compensation account.

6. Plaintiff states that he relied upon Defendant's false pretenses and/or false representation that he would be paid out of her share of her former spouse's Ohio Public Employees' Deferred Compensation account, and that as a result of his justifiable reliance, he has or will suffer injury in the amount of $16,396.44. Further, Plaintiff states that as a result of the services and/or extension of credit provided to Defendant, to the extent that they were obtained by Defendant's false pretenses and/or false representa-

tions, should be excepted from discharge in Defendant's bankruptcy proceeding, pursuant to 11 U.S.C. section 523(a)(2)(A).

(Amended Complaint, pleading No. 4).

The second count in the Amended Complaint, in pertinent part, alleged that:

8. Plaintiff states that as a result of an agreement entered into between himself and Defendant, Donna C. Kern, Plaintiff has a lien against certain property in which Defendant has certain legal and/or equitable rights, namely the Ohio Public Employees Deferred Compensation Account of Defendant's former husband, John M. Kern.

9. Plaintiff is unaware of any other of Defendant's creditor [sic] holding a secured interest in the above-mentioned property.

10. Defendant has acknowledged Plaintiff's lien upon said property in a Memo–Agreed Judgment Entry Decree of Divorce filed in the Court of Common Pleas, Franklin County, Division of Domestic Relations on October 30, 2000. (A certified copy of which is attached hereto as Exhibit A.)

11. The Agreement acknowledged by Defendant in the Memo–Agreed Judgment Entry Decree of Divorce was subsequently adopted by the Court in an Agreed Judgment Entry Decree of Divorce, filed in the Court of Common Pleas, Franklin County, Ohio Division of Domestic Relations on January 2, 2001. (A certified copy of which is attached hereto as exhibit B).

12. In the alternative, Plaintiff Hillard M. Abroms states that he has a lien against the above-mentioned property by operation of the common law doctrine of attorneys' charging liens.

(Amended Complaint, pleading No. 4). In the prayer of the Amended Complaint, Plaintiff requested the Court to determine

that said fees were nondischargeable, that Plaintiff's interest was secured, and the extent to which Plaintiff's interest was secured.

On June 17, 2002, Mr. Abroms filed a motion to determine secured status of claim in Case No. 02–52948. Within that motion, Mr. Abroms requested the Court to determine that he had a valid, secured claim against "certain property in which Debtor has certain legal and/or equitable rights, namely the Ohio Public Employees Deferred Compensation Account of Debtor's former husband, John M. Kern." ( Case No. 02–52948, Pleading No. 13). That motion came before the Court for hearing on July 9, 2002. Based upon the arguments made at that hearing, the Court was unable to find that Mr. Abroms held a valid secured claim or lien. The Court entered a Memorandum Opinion denying the motion to determine secured status on July 12, 2002.

The matter is now before the Court for decision upon the Motion and Memo Contra. The first question to be decided is whether Mr. Abroms alleged facts to state a sufficient claim for relief under 11 U.S.C. § 523(a) in the first count of the Amended Complaint. The next question is whether Mr. Abroms alleged facts to state a sufficient claim for determination that his interest is secured and the extent to which his interest is secured.

## III. Legal Discussion

### A. Count I of the Amended Complaint

Section 523 of the Bankruptcy Code enumerates exceptions to the dischargeability of debt. Mr. Abroms contends that the debt arises from fraudulent conduct of the Debtor and as such is nondischargeable under 11 U.S.C. § 523(a)(2)(A). That

section provides in relevant part as follows:

(a) A discharge under section 727... of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

■■■ In order to succeed under 11 U.S.C. § 523(a)(2)(A), the Plaintiff must prove the following elements: (1) that the Debtor made false representations; (2) that at the time made, the Debtor knew them to be false; (3) that the representations were made with the intention and purpose of deceiving the Plaintiff; (4) that the Plaintiff reasonably relied on the representations; and (5) that the Plaintiff sustained the alleged injury as a proximate result of the representation having been made. *Citibank v. Weaver (In re Weaver)*, 139 B.R. 677, 678–679 (Bankr.N.D.Ohio 1992). Parties seeking to establish an exception to the discharge of a debt bear the burden of proof. The burden of proof required to establish an exception to discharge is preponderance of the evidence. *Grogan v. Garner* 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■■■ The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Within the Motion, Debtor asserts certain facts and legal arguments affirmatively defending against the 11 U.S.C. § 523(a)(2)(A) allegations made in the Amended Complaint. Based upon the Court's review, it concludes that the Amended Complaint sets forth enough facts to withstand the Rule 12(b)(6) Motion filed by the Debtor.

**B. Count II of the Amended Complaint**

In the second count of the Amended Complaint, Mr. Abroms requests the Court to determine "that he has a valid, secured claim against" the Ohio Public Employees Deferred Compensation Account of Debtor's former husband. In the Motion, Debtor asserts that the Court has already heard this issue and made a determination on the same facts and allegations. In reviewing the Amended Complaint and the memorandum opinion entered in Case No. 02–52948 on July 12, 2002, the Court agrees that this issue already has been decided. The Court cannot find an adequate basis for count two of the Amended Complaint to remain. Therefore, the Court concludes that count two of the amended complaint should be dismissed.

**IV. Conclusion**

Based upon the foregoing, the Motion of the Defendant, Donna C. Kern, for an Order Dismissing the Amended Adversarial Complaint is denied, in part, and sustained, in part. It is hereby ordered that count one of the Amended Complaint shall remain and Debtor shall file her answer to said allegations within fourteen days of entry of this Order. Further, it is hereby ordered that count two of the Amended Complaint shall be dismissed.

IT IS SO ORDERED.