**Danny WAN aka Kinghon Wan, Appellant,**

v.

**DISCOVER FINANCIAL SERVICES, INC., Servicing Agent for Greenwood Trust Company, Appellees.**

**No. C 04 0531 VRW.**

United States District Court, N.D. California.

April 6, 2005.

---

Irving L. Berg, Corte Madera, CA, for Appellant.

Russell J. Strong, III, Los Angeles, CA, Douglas C. Straus, John L. Kortum, Walnut Creek, CA, for Appellees.

## ORDER

WALKER, District Judge.

This action is an appeal from a final order of the United States Bankruptcy Court for the Northern District of California, the Honorable Dennis Montali presiding. In relevant part, the order dismissed appellant Danny Wan's counterclaims under the Fair Debt Collection Practices Act in an adversary proceeding filed by appellees. For the reasons set forth below, the order of the bankruptcy court is AFFIRMED.

## I

Appellant Danny Wan ("Wan") filed for Chapter 7 bankruptcy in the Northern District of California on May 29, 2003. Doc # 7 [Appellee's Brief] at 3. On July 11, 2003, Wan filed a motion to Convert Case to Chapter 13, which was granted on July 17, 2003. *Id* at 3–4. On July 15, 2003, the attorney for defendant Greenwood Trust Company ("Greenwood"), for which defendant Discover Financial Services is a servicing agent, sent a letter to Wan's bankruptcy attorney ("the Letter"). *Id.* The Letter advised Wan's attorney that Greenwood was investigating whether to com-

mence an adversary proceeding pursuant to 11 U.S.C. § 523(a) for non-dischargeability of a debt on the basis that Wan did not intend to repay the charges at the time they were made. See Record on Appeal (Letter from Strong to Berg dated July 15, 2003). The Letter requested Wan's counsel to "describe in writing all developments and/or events which contributed to your client's decision to file the Chapter 7 petition" and to "state how your client intended to repay the charges he/she incurred on Greenwood Trust Company's credit card during the period at issue." *Id.* The letter included as an enclosure a notice purporting to comply with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (the "FDCPA"). *Id.* Wan's counsel wrote back on July 21, 2003, stating that Wan disputed the captioned claim and requesting verification of the debt. See Record on Appeal (Letter from Berg to Strong dated July 21, 2003). Greenwood did not respond to Wan's counsel's letter.

Greenwood filed an adversary action against Wan on August 18, 2003. Doc # 7 at 4. Greenwood claimed that Wan incurred $3,000 in credit card debt by taking cash advances on May 24, 2003, and May 26, 2003, without intending to repay the debt. See Record on Appeal (Complaint to Determine Dischargeability of Debt U.S.C. § 523(a)(2)(A)). On September 12, 2003, Wan filed a counterclaim that Greenwood violated the FDCPA because Greenwood failed to disclose the amount of the debt, unlawfully required Wan to dispute the debt and failed to verify the debt. See Record on Appeal (Answer of Danny Wan and Class Action, Counterclaim).

On November 26, 2003, Greenwood moved to dismiss Wan's counterclaims under Federal Rule of Civil Procedure 12(b)(6) and by summary judgment. Doc # 7 at 4–5. On January 16, 2004, Judge Montali held a hearing and determined orally that the Letter was not subject to the FDCPA. *Id* at 5. On February 3, Judge Montali issued his written decision in the case granting summary judgment to defendant and dismissing the case. See Doc # 17 at 3. On January 21, 2004, Wan filed a notice of appeal electing to transfer this appeal to district court instead of the Bankruptcy Appellate Panel. Doc # 7 at 5.

## II

■ The court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a), which grants district courts jurisdiction to "hear appeals from 'final judgments, orders, and decrees' of bankruptcy judges" entered in cases and proceedings referred to the bankruptcy judges under 28 U.S.C. § 157. *In re Lewis,* 113 F.3d 1040, 1043 (9th Cir.1997). Appellant elected to have his appeal heard by this court rather than the Bankruptcy Appellate Panel. See 28 U.S.C. § 157. In reviewing the bankruptcy court's decision, this court reviews its findings of fact under a clearly erroneous standard and its conclusions of law de novo. *In re Carroll,* 903 F.2d 1266, 1269 (9th Cir.1990).

## III

■ Wan contends that Greenwood violated the FDCPA by not disclosing the amount of the debt, by requiring the debtor to furnish the basis of the dispute and by failing to respond to the request for verification. Greenwood contends that the FDCPA does not apply to the bankruptcy-related communications at issue and that, even if it did, the Letter did not violate the FDCPA because the Letter was sent to Wan's bankruptcy counsel and thus was not a "communication" with a "consumer" within the meaning of the FDCPA. 15 U.S.C. § 1692c.

The decision of the Ninth Circuit in *Walls v. Wells Fargo Bank*, 276 F.3d 502 (9th Cir.2002), governs this court's decision. In *Walls*, the plaintiff contended that the defendant "engaged in unfair and unconscionable collection practices, which are forbidden by the FDCPA, by trying to collect her debt in violation of the discharge injunction" issued in her completed Chapter 7 bankruptcy proceeding. The Ninth Circuit affirmed the district court's dismissal of plaintiff's claim under the FDCPA because the claim was based on an alleged violation of § 524 of the Bankruptcy Code.

As appellant in this case, the plaintiff in *Walls* called upon the court to read the "two competing statutes [the Bankruptcy Code and the FDCPA] jointly." *Id* at 510. In declining to do so, the Ninth Circuit observed that adjudicating the plaintiff's FDCPA claim "necessarily entails bankruptcy-laden determinations." *Id.* The court held that allowing plaintiff to pursue a claim based on a violation of § 524 of the Bankruptcy Code would "circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt." *Id.* As the court stated,

> Nothing in either Act persuades us that Congress intended to allow debtors to bypass the Code's remedial scheme when it enacted the FDCPA. While the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code (citing *Kokoszka v. Belford*, 417 U.S. 642, 651, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974)).

The Walls court thus found that the plaintiff's claim under the FDCPA was precluded by the Bankruptcy Code. Most other courts that have considered this issue have come to a similar conclusion. See, e.g., *Baldwin v. McCalla*, 1999 WL 284788, 1999 U.S. Dist LEXIS 6933 (N.D.Ill.1999) *Kibler v. WFS Fin.*, 2000 WL 1470655, 2000 U.S. Dist LEXIS 19131 (C.D.Cal.2000); *Degrosiellier v. Solomon & Solomon, PC*, 2001 WL 1217181, 2001 U.S. Dist LEXIS 15254 (N.D.N.Y.2001). But see *Randolph v. IMBS, Inc.*, 368 F.3d 726, 731 (7th Cir.2004) (holding that the Bankruptcy Code does not work an implied repeal of the FDCPA), *Forsberg v. Fid Nat'l Credit Servs*, 2004 U.S. Dist LEXIS 7622 (SD Cal 2004) (holding an alleged violation of FDCPA after a bankruptcy filing to be a cognizable legal claim).

■■■ The issue presented in this case differs from *Walls* in that the communication was made to Wan's counsel during the pendency of the bankruptcy rather than after the discharge injunction had been issued. This difference raises an even greater concern about potential overlap and conflict between the Bankruptcy Code and the FDCPA than was present in *Walls*. The Letter sent to Wan's counsel included Wan's bankruptcy number and referred to Greenwood's rights pursuant to 11 U.S.C. § 523 and Rule 2004. It was sent in the context of the bankruptcy case and suggested remedies under the Bankruptcy Code. To the extent that such a correspondence might constitute abusive activity by a creditor, a debtor's remedies are found under the Bankruptcy Code. A willful violation of the automatic stay provision may yield a bankruptcy claim for damages. See 11 U.S.C. § 362(h). A violation of a discharge under § 524 of the Bankruptcy Code is punishable by contempt. See *Walls*, 276 F.3d at 507 (holding that "contempt is the appropriate remedy [for violations of section 524] and no further remedy is necessary.") Applying the FDCPA to the communication between

Greenwood's counsel and Wan's Counsel would disrupt the careful balance between the interests of debtors and creditors that was of central concern to the Ninth Circuit in *Walls*. *Id* at 510.

### IV

For the foregoing reasons, the judgment of the bankruptcy court is hereby AFFIRMED. The clerk shall close the file and terminate all pending motions.

IT IS SO ORDERED.