In re Margaret Odell GUNTER,
Debtor.

Margaret Odell Gunter, Plaintiff,

v.

Columbus Check Cashiers, Inc.,
et al., Defendants.

Bankruptcy No. 02–58527.
Adversary No. 05–2257.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division at Columbus.

Dec. 22, 2005.

James E. Nobile, Nobile, Needleman & Thompson, L.L.C., Hilliard, OH, for plaintiff-debtor.

Alvin E. Mathews, Jr., Columbus, OH, for Defendant Kevin O'Brien & Associates Co., L.P.A.

### MEMORANDUM OPINION AND ORDER ON KEVIN O'BRIEN & ASSOCIATES CO., L.P.A.'S MOTION TO DISMISS

DONALD E. CALHOUN, JR., Bankruptcy Judge.

The matters before the Court are: (1) Kevin O'Brien & Associates Co., L.P.A.'s Motion to Dismiss ("Motion") (Doc. 11); (2) Plaintiff's Response in Opposition to Motion to Dismiss Filed by Kevin O'Brien & Associates Co., L.P.A. ("Response") (Doc. 12); and (3) Reply Memorandum to Margaret Odell Gunter's Response in Opposition to Kevin O'Brien & Associates Co., L.P.A.'s Motion to Dismiss (Doc. 18). The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### I. Standard of Review

In the Motion, Defendant Kevin O'Brien & Associates Co., L.P.A. ("Defendant") moves for an order dismissing all of the Plaintiff Margaret Odell Gunter's ("Plaintiff" or "Debtor") claims against it for failure to state a claim upon which relief can be granted. The Defendant brings its Motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is incorporated in bankruptcy adversary proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr.P. 7012(b) ("Rule 12(b)-(h) F.R. Civ. P. applies in adversary proceedings."); *see also Rieser v. Milford (In re Chari)*, 276 B.R. 206, 211 (Bankr.S.D.Ohio 2002).

Under Rule 12(b)(6) the Court will accept all well-pleaded factual allegations in the Plaintiff's complaint as true and construe the allegations in a light most favorable to the Plaintiff. *See Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 605 (6th Cir.2005). "Dismissal of the complaint is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* (citations and quotation marks omitted). "The Court is without authority to dismiss the claims unless it can be demonstrated beyond a doubt that the plaintiff can prove no set of facts that would entitle it to relief." *Toledo*

*Blade Newspaper Unions–Blade Pension Plan and Trust v. Inv. Performance Servs., LLC,* 373 F.Supp.2d 735, 740 (N.D.Ohio 2005) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (other citations omitted). "The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case." *Abroms v. Kern (In re Kern),* 289 B.R. 633, 637 (Bankr.S.D.Ohio 2003).

## II. Factual Allegations

Plaintiff initiated this adversary proceeding by filing a complaint against the Defendant and Columbus Check Cashiers, Inc. ("CCC"); the Court will consider the following allegations as true and construe them in a light most favorable to the Plaintiff.

In May 2002, Plaintiff executed a loan agreement with CCC. For payment, CCC took a post-dated, personal check in the amount of $345.00. Plaintiff could not perform under the loan agreement when the payment became due. CCC attempted to negotiate the check, and the check was returned unpaid on or around May 21, 2002. *See* Complaint (Doc. 1), ¶ 5. On July 3, 2002, Plaintiff filed a voluntary Chapter 7 bankruptcy case. Both CCC and the Defendant received notice of Plaintiff's bankruptcy case. Plaintiff scheduled CCC as a creditor on Schedule F and the Creditors' Matrix. Plaintiff also listed the Defendant, CCC's counsel, on Schedule F and the Creditors' Matrix. On October 31, 2002, the Court entered an order discharging the Debtor without opposition from any creditor. *See id.,* ¶¶ 6–7.

On February 6, 2004, the Defendant and CCC directed a certified letter to Plaintiff, in which they accused her of committing theft based on her non-payment of the discharged debt associated with the loan agreement. The Defendant and CCC demanded payment in the amount of $1,020.25, including attorney fees, court costs, and administrative costs. On November 4, 2004, the Defendant and CCC sued Plaintiff in the Franklin County, Ohio Municipal Court ("Municipal Court"). *See id.,* ¶¶ 8–9 (citing *Columbus Check Cashers, Inc. v. Gunter,* No. 2004 CVI 45789) ("Civil Action").

After Plaintiff received service of process on November 11, 2004, she immediately notified her former bankruptcy attorney, Stephen E. Schafer. On December 1, 2004, Mr. Schafer filed a notice of the bankruptcy proceeding with the Municipal Court, which stated that Debtor had received a Chapter 7 bankruptcy discharge, and that both CCC and the Defendant received notification of her bankruptcy filing. Mr. Schafer also sent a copy of the notice to the Defendant on the same date. *See id.,* ¶¶ 10–11.

The Municipal Court's small claims division held a hearing in the Civil Action. A representative of the Defendant appeared at the hearing. Plaintiff did not appear, because she believed the debt had been discharged. On December 6, 2004, the Municipal Court issued a judgment against the Plaintiff in an amount of $970.25, plus costs and interest. *See id.,* ¶ 12.

On March 15, 2005, Plaintiff's present counsel sent a demand letter to the Defendant, outlining her alleged claims against CCC and the Defendant for willful violation of the "Discharge Injunction" and against the Defendant for multiple violations of the Fair Debt Collection Practices Act ("FDCPA"). In response to Plaintiff's demand, the Defendant filed an entry in the Municipal Court vacating the $970.25 judgment against Plaintiff. In the entry, the Defendant alleged that neither it nor CCC were aware of Plaintiff's bankruptcy discharge. *See id.,* ¶¶ 13–14.

Based on these allegations, Plaintiff asserts three counts in her Complaint filed on May 26, 2005. In count one, she asks that the Defendant and CCC be held in contempt and sanctioned for violating the discharge injunction set forth in 11 U.S.C. § 524(a)(2). In count two, Plaintiff avers that the Defendant violated her consumer rights under the FDCPA. Lastly, in count three, Plaintiff asserts that both defendants invaded her privacy. *See id.,* ¶¶ 15–25. While the Defendant has asked this Court to dismiss the Plaintiff's Complaint, CCC filed an answer. *See* Doc. 13.

### III. Arguments of the Parties

The Defendant argues that Plaintiff's FDCPA claim should be dismissed in its entirety. The Defendant relies primarily on the Ninth Circuit case of *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 510–11 (9th Cir.2002) that held if a creditor is in contempt of the discharge injunction, a claim under the FDCPA would not be available in addition to relief under the Bankruptcy Code. The Defendant therefore contends that the Debtor's sole course of action for the alleged violation of the discharge injunction falls under 11 U.S.C. § 524(a)(2) of the Bankruptcy Code, and that the Debtor may not simultaneously pursue any claim for a FDCPA violation.

Plaintiff responds arguing that the Bankruptcy Code does not preclude her FDCPA claim. Plaintiff relies on a Seventh Circuit decision, *Randolph v. IMBS, Inc.,* 368 F.3d 726, 730 (7th Cir.2004), which determined that the Bankruptcy Code and the FDCPA do not meet the narrow criteria for one federal statute's implied repeal of another. Based on the holding in *Randolph* that the Bankruptcy Code does not "repeal" portions of the FDCPA by implication, Plaintiff argues that she may bring claims under both the Bankruptcy Code and the FDCPA against the Defendant.

Assuming the Court finds that the Bankruptcy Code does not facially preclude Plaintiff's FDCPA claim in its entirety, the Defendant alternatively moves to dismiss portions of Plaintiff's FDCPA claim on three separate grounds. First, the Defendant argues that any FDCPA claims stemming from the Civil Action should be dismissed because neither the summons nor the complaint served in the Civil Action constitute a "communication" under the FDCPA. Plaintiff responds that the summons and complaint served in the Civil Action are deemed "communications" under the FDCPA because of the broad definition given to that term in the statute.

Second, the Defendant contends that all of Plaintiff's FDCPA claims under 15 U.S.C. § 1692d should be dismissed because Plaintiff has failed to allege any facts that could establish "abusive or oppressive" collection practices under 15 U.S.C. § 1692d. Plaintiff asserts that she alleged abusive practices when she described the Defendant's continuing action against her after the firm had been repeatedly put on notice to cease and desist. Lastly, the Defendant asserts that the FDCPA's one-year statute of limitations bars any claims allegedly arising out of the February 6, 2004 certified letter, because the Plaintiff did not file the present case until May 26, 2005. Plaintiff does concede that the February 6, 2004 letter falls outside the FDCPA's one-year statute of limitations bar.

### IV. Law and Analysis

#### A. Preclusion of FDCPA Claim by the Bankruptcy Code

■ There is a circuit split on the issue of whether the Bankruptcy Code precludes FDCPA claims. The Seventh Circuit and the Ninth Circuit have each addressed this particular question; the Sixth Circuit has

not. In the more recent opinion, the Seventh Circuit held that the Bankruptcy Code does not preclude or impliedly repeal the FDCPA. *See Randolph*, 368 F.3d at 730–32. "[T]he issue in Randolph ... was whether the Bankruptcy Code 'preempts' and 'trumps' the Fair Debt Collection Practices Act where both statutes deal with the same subject." *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.Supp.2d 998, 1001 (N.D.Ill.2004) (citing *Randolph*, 368 F.3d at 728, 730).

Looking to U.S. Supreme Court precedent, the Seventh Circuit found that for one federal statute to preclude another, there must be "either irreconcilable conflict between the statutes or a clearly expressed legislative decision that one replace the other." *Randolph*, 368 F.3d at 730 ("When two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other—and repeal by implication is a rare bird indeed.") (citing *Branch v. Smith*, 538 U.S. 254, 273, 123 S.Ct. 1429, 155 L.Ed.2d 407 (2003); *J.E.M. AG Supply, Inc. v. Pioneer Hi–Bred Int'l, Inc.*, 534 U.S. 124, 141–44, 122 S.Ct. 593, 151 L.Ed.2d 508 (2001)).

In addition to noting a lack of clearly expressed legislation on the topic, the Seventh Circuit also found no irreconcilable conflict between the Bankruptcy Code and the FDCPA but merely overlap between the statutory provisions. *See id.* A district court recently commented on the overlap identified in *Randolph*, as follows:

> For example, if a plaintiff shows a willful violation, then punitive damages would be available under the Bankruptcy Code. However, if a debt collector did not act willfully, but only negligently, a plaintiff could still proceed under the FDCPA, which has no scienter requirement. As the [Seventh Circuit] succinctly stated: "It is easy to enforce both statutes, and

any debt collector can comply with both simultaneously."

*Drnavich v. Cavalry Portfolio Serv., LLC*, 2005 WL 2406030, at *1 (D.Minn. Sept. 29, 2005) ("The Court agrees [with *Randolph*] that the Bankruptcy Code and the FDCPA do not irreconcilably conflict with each other so as to repeal the FDCPA by implication.") (citations omitted). *See also Burkhalter v. Lindquist & Trudeau, Inc.*, 2005 WL 1983809, at *1–2 (E.D.Mo. Aug. 16, 2005) ("[T]he Court is not persuaded that plaintiff's FDCPA claim ... is precluded by any exclusive remedy available under the bankruptcy code.").

Conversely, the Ninth Circuit holds that the Bankruptcy Code precludes FDCPA claims such as Plaintiff's. *See Walls*, 276 F.3d at 504. The Ninth Circuit reasoned that the plaintiff's FDCPA claim was based on an alleged violation of the Bankruptcy Code, which provides its own remedy of civil contempt. *See id.* at 510. The court did not want to provide a means by which plaintiffs could "circumvent the Bankruptcy Code's remedial scheme." *Id.* at 504, 510. However, the Ninth Circuit did not identify an irreconcilable conflict between the statutes or a clear legislative intention that one replace the other. *See Drnavich*, 2005 WL 2406030, at *2.

The Court agrees with the conclusion in *Randolph* that the Bankruptcy Code and the FDCPA do not irreconcilably conflict with each other as to repeal the FDCPA by implication. The "operational differences" between the statutes do not "add up to irreconcilable conflict." *Randolph*, 368 F.3d at 731 (noting that "the FDCPA sets a lower standard of liability and provides lower damages."). *See also In re Perviz*, 302 B.R. 357, 370 (Bankr.N.D.Ohio 2003) (noting that "most bankruptcy courts, when faced with a willful violation of the discharge injunction, allow the debtor an award of actual damages plus attor-

ney fees."). The Defendant failed to identify an irreconcilable conflict between the statues or cite to any legislative intent that the Bankruptcy Code preempts the FDCPA. Debt collectors can comply with each statute without transgressing the other; courts can easily enforce each statute. *See Drnavich*, 2005 WL 2406030, at *2.

In addition to relying on *Walls* and its progeny[1], the Defendant incorrectly cites the Sixth Circuit in *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir.2000) for the proposition that when a violation of the discharge injunction under 11 U.S.C. § 524(a)(2) occurs, a debtor's *sole* avenue of recourse is to bring an action against the creditor for contempt. "The Sixth Circuit Court of Appeals ... held that there is no private right of action for breaches of § 524; instead 'the traditional remedy for violation of an injunction lies in contempt proceedings ....'" *Kanipe v. First Tenn. Bank (In re Kanipe)*, 293 B.R. 750, 755 (Bankr.E.D.Tenn.2002) (quoting *Pertuso*, 233 F.3d at 421). Nowhere in *Pertuso* does it state that the Bankruptcy Code bars a debtor from bringing other causes of action (e.g., FDCPA claims) based on the same of facts that give rise to a discharge injunction violation.

An irreconcilable conflict does not exist between the Bankruptcy Code and the FDCPA, and no legislative intent has been identified showing that the Bankruptcy Code preempts the FDCPA. For these reasons, the Court finds that the Bankruptcy Code does not preclude Plaintiff's FDCPA claim. Therefore, the Court rejects the Defendant's argument that Plaintiff's FDCPA claim should be dismissed in its entirety.

**B. Communications under the FDCPA**

■ The summons and complaint served on the Plaintiff in the Civil Action

are "communications" under the FDCPA. It is well established that the FDCPA applies to attorneys who regularly engage in debt collection. *See Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995) (holding that the FDCPA applies to lawyers who regularly attempt to collect debts through litigation, rejecting concerns that such an interpretation would interfere with debt collection lawsuits).

Further, Congress defined "communication" broadly to mean "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). "A lawsuit initiated to collect debts is certainly included within that definition." *Sprouse v. City Credits Co.*, 126 F.Supp.2d 1083, 1089 (S.D.Ohio 2000) (finding that summons and complaint served in state court collection action constituted an "initial communication" under the FDCPA). *See also Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914, 917 (7th Cir.2004) (concluding that "by its terms, ... the FDCPA's broad definition of a 'communication' encompasses the service of a summons and complaint."); *Senftle v. Landau*, 390 F.Supp.2d 463, 472 (D.Md.2005) ("Congress's broad definition of 'communication' plainly extends to the service of a summons and complaint since these pleadings convey information regarding a debtor's debt."). The broad definition of the term "communication" and the subsequent case law (including from this district) make it clear that the summons and complaint in the Civil Action constitute "communications" under the FDCPA.

Congress also certainly knew how to except "pleadings" from the definition of "communication" where it intended to, and

---

1. Other than *Wan v. Discover Fin. Servs., Inc.*, 324 B.R. 124, 127 (N.D.Cal.2005), most of the cases following *Walls* are within Ninth Circuit and pre-date *Randolph*.

as it did in § 1692e(11) of the FDCPA. *See id.* Section 1692e(11) provides that a debt collector must disclose in its initial communication with the debtor that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose," except that the provision does "not apply to formal pleadings made in connection with a legal action." 15 U.S.C. § 1692e(11). Based on the broad definition of the term "communication" in the FDCPA, the Court rejects the Defendant's argument that the FDCPA does not apply to the Civil Action, including the summons and complaint served on Plaintiff.

### C. Harassing, Oppressive or Abusive Conduct under the FDCPA

■ The Defendant contends that all of Plaintiff's FDCPA allegations under 15 U.S.C. § 1692d should be dismissed because Plaintiff has failed to allege any facts that could establish "abusive or oppressive" collection practices under 15 U.S.C. § 1692d. This section provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d (includes a non-exclusive list of the conduct that would violate the section). Construing the Plaintiff's allegations in a light most favorable to her, *see Benzon,* 420 F.3d at 605, the Court is unwilling to dismiss her FDCPA allegations under 15 U.S.C. § 1692d on this ground at this early stage of the litigation.

Plaintiff has pled that the Defendant continued to try to collect the discharged debt from her after repeatedly being put on notice to cease and desist, including Defendant's filing the Civil Action and receiving a judgment against Plaintiff. Dis-

missal of the allegations is only proper at this point if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See id.* The Court cannot say at this time, based on the allegations set forth, that the Defendant's conduct was not harassing, oppressive or abusive under 15 U.S.C. § 1692d. Therefore, the Court rejects the Defendant's argument that Plaintiff's FDCPA allegations under 15 U.S.C. § 1692d should be dismissed.

### D. FDCPA Statute of Limitations

Lastly, the Defendant asserts that the FDCPA's one-year statute of limitations bars any FDCPA claim arising out of the February 6, 2004 certified letter, because the Plaintiff did not file the present case until May 26, 2005. The FDCPA provides that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

Plaintiff does concede that the February 6, 2004 letter falls outside the FDCPA's one-year statute of limitations bar. Accordingly, Plaintiff's allegation of a FDCPA violation arising from the February 6, 2004 letter is dismissed as it is barred by the statute of limitations contained in the FDCPA.[2] All the other FDCPA allegations in Plaintiff's complaint are legally cognizable and thus survive dismissal at this early stage of the litigation.

### V. Conclusion

For the foregoing reasons, the Court **DENIES** the Defendant's Motion. All relief requested in the Motion is denied,

---

**2.** This finding does not suggest that Plaintiff will be prevented from asserting that the let-

ter violated the discharge injunction under 11 U.S.C. § 524(a)(2).

except to note that any claim made by Plaintiff under the FDCPA arising from the February 6, 2004 letter is dismissed as it is barred by the statute of limitations contained in the FDCPA (a point Plaintiff has conceded).

**IT IS SO ORDERED.**