**Maria Leonor RIOS, Plaintiff**

v.

**BAKALAR & ASSOCIATES, P.A., Defendant.**

**Case No. 11–20644–CIV.**

United States District Court, S.D. Florida, Miami Division.

June 13, 2011.

Leo Bueno, Leo Bueno, Attorney, P.A., Coral Gables, FL, for Plaintiff.

Cory Brian Kravit, Bakalar & Associates, P.A., Plantation, FL, for Defendant.

ORDER DENYING MOTION TO DISMISS

ADALBERTO JORDAN, District Judge.

For the following reasons, Bakalar & Associates, P.A.'s motion to dismiss the amended complaint [D.E. 8] is DENIED, and motion to dismiss the initial complaint [D.E. 5] is DENIED AS MOOT. Bakalar & Associates must answer the complaint by June 27, 2011.

## I. FACTS ALLEGED

Maria Leonor Rios had some of her debt discharged through bankruptcy. Bakalar & Associates, P.A. is a debt collector, and, on November 18, 2010, it sent Ms. Rios a debt-collection letter relating to a consumer debt.

Ms. Rios alleges that a bankruptcy court had discharged some of the debt the letter sought to collect. By seeking to collect on discharged debt, Ms. Rios alleges, Bakalar & Associates violated a provision of the FDCPA, 15 U.S.C. § 1692e(2).

Citing *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502 (9th Cir.2002), Bakalar & Associates argues that the Bankruptcy Code precludes FDCPA claims in the bankruptcy context.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead "either direct or inferential allegations respecting all the material elements neces-

sary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir.2001). The court must limit its consideration to the complaint. *See GSW, Inc. v. Long County,* 999 F.2d 1508, 1510 (11th Cir.1993). The factual allegations are accepted as true and all reasonable inferences from these allegations are drawn in the plaintiff's favor. *See Roberts v. Fla. Power & Light Co.,* 146 F.3d 1305, 1307 (11th Cir.1998). The plaintiff, however, must allege more than "labels and conclusions." *Fin. Sec.,* 500 F.3d at 1282 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554–55, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The factual allegations in the complaint must "possess enough heft" to set forth "a plausible entitlement to relief." *Id.*

## III. ANALYSIS

■ Bakalar & Associates and Ms. Rios cite cases from different circuits. According to Bakalar & Associates, the Ninth Circuit held, in *Walls,* that the Bankruptcy Code prevents consumers from bringing FDCPA claims based on bankruptcy-discharged debts. Relying on *Randolph v. IMBS, Inc.,* 368 F.3d 726 (7th Cir.2004), Ms. Rios asserts that the Seventh Circuit disagreed with the *Walls* decision and allowed consumers to bring FDCPA claims based on bankruptcy-discharged debts. As I see it, the parties have unjustly painted *Walls* and *Randolph* in monochrome.

Both the Ninth Circuit (in *Walls,* 276 F.3d at 510) and the Seventh Circuit (in *Turner v. J.V.D.B. & Assocs.,* 330 F.3d 991, 998 (7th Cir.2003)) have held that, when a party attempts to collect a debt discharged in bankruptcy, that party has not violated § 1692f of the FDCPA by engaging in unfair and unconscionable collection practices. Here, however, Ms. Rios alleges that Bakalar & Associates violated § 1692e by making false or misleading representations when it attempted to collect a discharged debt. The Ninth Circuit has never decided that issue.

In contrast, the Seventh Circuit, in *Randolph,* 368 F.3d at 730, once considered whether a debt collector makes a false or misleading representation by attempting to collect on debt discharged in bankruptcy, and held that the debt collector does in fact violate § 1692e. I find the *Randolph* decision persuasive, and, given the lack of direct conflict between *Randolph* and *Walls,* conclude that Ms. Rios may bring her § 1692e claim against Bakalar & Associates. *See also Turner,* 330 F.3d at 995 (allowing § 1692e claim by consumer who had obtained bankruptcy discharge on the theory that the debt collector misrepresented the legal status of the debt).

Bakalar & Associates nonetheless quotes language from *Walls* that implies a universal preclusion of FDCPA claims in the discharged-debt context. For example, the *Walls* decision states: "To permit a simultaneous claim under the FDCPA would allow through the back door what [the plaintiff] cannot accomplish through the front door—a private right of action." *Walls,* 276 F.3d at 510. At another point, the decision says that "[n]othing in either Act persuades us that Congress intended to allow debtors to bypass the [Bankruptcy] Code's remedial scheme when it enacted the FDCPA. While the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code." *Id.* This language is strong, but it is dicta. A narrower, and I believe better, reading of the *Walls* holding is this: the Ninth Circuit held that an alleged violation of a bankruptcy injunction does not constitute an unfair and unconscionable collection practice that violates § 1692f. Regardless, to the extent that *Walls* stands for a universal vitiation of the FDCPA when a consumer obtains bank-

ruptcy relief, I find *Randolph* the more convincing case.

██ As Judge Easterbrook noted in *Randolph*, the Bankruptcy Code can vitiate the FDCPA only if it somehow repealed the FDCPA. *See Randolph*, 368 F.3d at 730. Yet, the Supreme Court has repeatedly noted that "repeals by implication are not favored." *Branch v. Smith*, 538 U.S. 254, 273, 123 S.Ct. 1429, 155 L.Ed.2d 407 (2003) (quoting *Universal Interpretive Shuttle Corp. v. Wash. Metro. Area Transit Comm'n*, 393 U.S. 186, 193, 89 S.Ct. 354, 21 L.Ed.2d 334 (1968)). "An implied repeal will only be found where provisions in two statutes are in 'irreconcilable conflict,' or where the latter Act covers the whole subject of the earlier one and 'is clearly intended as a substitute.'" *Id.*

The *Walls* decision does not explain how the Bankruptcy Code repealed the FDCPA. For sure, it cites some cases for the proposition that the Bankruptcy Code preempts state law, *see Walls*, 276 F.3d at 510, but preemption "is more readily inferred" than repeal, *see Randolph*, 368 F.3d at 730. As the *Randolph* decision shows, the FDCPA and the Bankruptcy Code do not exist in irreconcilable conflict; in fact, the FDCPA and the Bankruptcy Code have different elements, require different levels of scienter, offer different defenses, and allow different damages where someone attempts to collect on discharged debt. *See* 368 F.3d at 730–31. Nor can anyone seriously argue that the Bankruptcy Code covers the whole subject of the FDCPA or vice versa. Bakalar & Associates, moreover, do not argue that Congress clearly intended the Bankruptcy Code as a substitute for the FDCPA.

Hence, to the extent that *Walls* suggests that a discharge injunction under the Bankruptcy Code prevents consumers from bringing *any* FDCPA claim, I disagree.

## IV. CONCLUSION

For these reasons, Bakalar & Associates' motion to dismiss the amended complaint [D.E. 8] is DENIED, and the motion to dismiss the initial complaint [D.E. 5] is DENIED AS MOOT.

DONE and ORDERED.