In re Sandra L. MARSHALL, Debtor.

Sandra L. Marshall, Plaintiff

v.

PNC Bank, N.A., Defendant.

Bankruptcy No. 09–10657.
Adversary No. 10–1046.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Sept. 24, 2012.

Jeffrey S. Goldenberg, Christian A. Jenkins, Todd Naylor, Cincinnati, OH, Paul J. Minnillo, Minnillo & Jenkins, Co., LPA, Cincinnati, OH, for Plaintiff.

Reginald W. Jackson, Vorys, Sater, Seymour and Pease LLP, Columbus, OH, Anthony Lynn Osterlund, Vorys, Sater, Seymour and Pease LLP, Cincinnati, OH, for Defendant.

## ORDER REGARDING MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

BETH A. BUCHANAN, Bankruptcy Judge.

The debtor initiated an adversary proceeding in this Court asserting that the bank purposefully and systematically attempted to collect debts discharged in bankruptcy from the debtor and a putative class of similarly situated debtors in violation of both the United States Bankruptcy Code and the Fair Debt Collection Practices Act. The bank contends that the cause of action alleged by the debtor under the United States Bankruptcy Code should be dismissed because asserting such claim in an adversary proceeding constitutes an impermissible private right of action and because the complaint fails to allege facts demonstrating clear and convincing evidence of damages necessary to sustain such a claim. The bank maintains that the cause of action alleged by the debtor under the Fair Debt Collection Practices Act should be dismissed because the United States Bankruptcy Code precludes the debtor from asserting such a claim and further argues that this Court lacks subject matter jurisdiction over the Fair Debt Collection Practices Act claim.

This Court concludes that while the debtor's Fair Debt Collection Practices Act claim is not precluded by the United States Bankruptcy Code, this Court nonetheless either lacks jurisdiction over such claim or declines to exercise jurisdiction over such claim. With respect to the debtor's cause of action under the United States Bankruptcy Code, this Court concludes that such claim may not be asserted as a private right of action in an adversary proceeding, but rather must be asserted in a contested matter as a claim for contempt.

Rather than immediately dismissing the debtor's complaint, this Court will provide the debtor with the opportunity to withdraw the cause of action alleged by the debtor under the United States Bankruptcy Code and reassert it as a contested matter and, if the debtor so elects, to file a motion to withdraw the reference with respect to both the contested matter and the adversary proceeding. This Court does not reach the bank's allegation regarding the adequacy of the facts pled with respect to the debtor's cause of action under the United States Bankruptcy Code because it is premature to do so at this time pending the reassertion of such claim as a contested matter and a determination by the District Court regarding whether such claim will be heard by this Court or by the District Court.

## I. *Background*

This matter is before this Court on PNC Bank, N.A.'s (the *"Bank"*) *Motion to Dismiss Plaintiff's First Amended Complaint* [Docket Number 27] (the *"Motion to Dismiss"*), Debtor Sandra L. Marshall's (the *"Debtor"*) *Memorandum in Opposition* [Docket Number 31] (the *"Response"*), the Bank's *Reply in Support of its Motion to Dismiss* [Docket Number 34], the Bank's *Supplemental Authority* [Docket Number 40], and the Debtor's *Supplemental Authority* [Docket Number 41].

The Debtor initiated this adversary proceeding (the *"Adversary Proceeding"*)against the Bank on March 16, 2010 by way of a complaint styled as a "Class Action Complaint" (the *"Complaint"*).The Complaint contained one cause of action on behalf of the debtor and a putative class of similarly situated debtors for violations of the discharge injunction of 11 U.S.C. § 524(a)(2) of the United States Bankruptcy Code (the *"Bankruptcy Claim"*)and one cause of action on behalf of the debtor and a putative class of similarly situated debtors for violations of 15 U.S.C. § 1692 *et seq.* (the *"FDCPA Claim"*), otherwise known as the Fair Debt Collection Practices Act (the *"FDCPA"*).

The parties entered into a series of stipulations extending the time for the Bank to move, answer or otherwise plead in response to the Complaint so that the parties could explore settlement possibilities. The parties agreed to a mediation that was to begin on January 18, 2011. A week before the mediation was to begin, the Bank instead filed a motion to dismiss the Complaint. The Debtor filed a response and an unopposed motion for leave to file an amended complaint. The Bank withdrew its motion to dismiss and the Debtor filed an amended complaint, styled as an "Amended Class Action Complaint" (the *"Amended Complaint"*). As described by the Debtor in the Response, the Amended Complaint did not add any new claims, rather the Amended Complaint added additional factual support for the original claims based on preliminary discovery that occurred during the time in which the parties were pursing settlement. Thereafter, the parties submitted the instant filings.

The essence of the Debtor's Amended Complaint is that the Bank knowingly and purposefully attempted to collect debts discharged in bankruptcy from the Debtor and individuals similarly situated to the Debtor who had obtained a discharge in bankruptcy and who had not reaffirmed their debts. Specifically, the Debtor asserts that the Bank attempted to collect debts from the Debtor that were discharged in her bankruptcy by placing telephone calls to her and by sending her standardized form correspondence requesting payment on the discharged debt and statements indicating that the Debtor's account with the Bank was past due and that she was incurring late fees. Based on limited preliminary discovery, the Debtor further contends that the Bank maintains a bankruptcy sub-group that systematically assigns certain accounts that have been discharged in bankruptcy to a "discharged bankruptcy queue." The Debtor alleges that the Bank somehow believes that debtors whose accounts are assigned to the "discharged bankruptcy queue" have consented to be subjected to collection efforts notwithstanding the fact that the debtors have not reaffirmed the debts. The Debtor maintains that accounts assigned to the "bankruptcy discharge queue" are turned over to debt collectors employed by the Bank—but who do not work within the bankruptcy group—whose role it is to call and write debtors in an effort to obtain payment on discharged debts. The Debtor alleges, upon information and belief, that these debt collectors are not specially trained to understand the limitations imposed by a bankruptcy discharge injunction. The Debtor further alleges that the Bank, under various names, not only seeks to collect obligations owed to the Bank but also seeks to collect obligations owed to third parties on such parties' behalf. As a result of these alleged contemptuous and unlawful practices of attempting to collect discharged debts, the Debtor maintains that the Bank has received substantial

payments to which it is not lawfully entitled.

## II. *Legal Analysis*

### A. *Standard Of Review*

The Bank maintains that the FDCPA Claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the *"Civil Rules"*)[1] because the Bankruptcy Code[2] precludes the Debtor from asserting such a claim and further argues that this Court lacks subject matter jurisdiction over the FDCPA Claim warranting dismissal pursuant to Civil Rule 12(b)(1). The Bank contends that the Bankruptcy Claim should be dismissed pursuant to Civil Rule 12(b)(6) because asserting such claim in an adversary proceeding, rather than as a motion for contempt, constitutes an impermissible private right of action and because the Amended Complaint fails to allege facts demonstrating clear and convincing evidence of damages necessary to support a claim for contempt.

■ The plaintiff has the burden of proving jurisdiction in order to survive a Civil Rule 12(b)(1) motion to dismiss, *Rogers v. Stratton Industries, Inc.,* 798 F.2d 913, 915 (6th Cir.1986), while the defendant bears the burden of demonstrating that the plaintiff has failed to state a claim for relief warranting dismissal under Civil Rule 12(b)(6). *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir.2007).

■ The standard governing a motion to dismiss under Civil Rule 12(b)(1) depends on whether the party seeking dismissal "makes a facial or factual attack on the plaintiff's complaint." *See Bavelis v. Doukas (In re Bavelis),* 453 B.R. 832, 850 (Bankr.S.D.Ohio 2011) (internal quotations and citations omitted).

A *facial* attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. On the other hand, when a court reviews a complaint under a *factual* attack, ... no presumptive truthfulness applies to the factual allegations.... When facts presented to the [trial] court give rise to a factual controversy, the [trial] court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist. In reviewing [a motion asserting a factual attack on the subject matter jurisdiction], a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts.

*Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990) (emphasis in original).

In this case, the Bank's Civil Rule 12(b)(1) ground for dismissal of the FDCPA Claim represents a facial challenge to this Court's subject matter jurisdiction because it raises a purely legal issue regarding the interaction of two federal acts. *See Patton v. Toshiba Am. Consumer Prods., Inc.,* 967 F.Supp. 283, 286 (M.D.Tenn.1997) (finding defendant's Civil

---

1. Civil Rule 12(b)(6) is made applicable to adversary proceedings pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"*).

2. Unless otherwise indicated, the terms "Bankruptcy Code," "Section" and "§ " refer to Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.,* as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109–8.

Rule 12(b)(1) motion to dismiss represented a facial challenge where defendant challenged subject matter jurisdiction on the grounds that the plaintiff's claims of discrimination under the Americans with Disabilities Act and the Employee Retirement Income Security Act were pre-empted by the Labor Management Relations Act). Accordingly, this Court applies the same standard applicable to Civil Rule 12(b)(6) motions to the Bank's Civil Rule 12(b)(1) request for dismissal of the FDCPA Claim. *See Moore v. Pielech,* 2011 U.S. Dist. LEXIS 97098 at *5, 2011 WL 3841911 at *2 (S.D.Ohio Aug. 30, 2011) ("A facial attack on subject matter jurisdiction is reviewed under the same standard as a 12(b)(6) motion to dismiss.").

■ To survive a motion to dismiss pursuant to Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In considering a motion to dismiss under Civil Rule 12(b)(6), a court must keep in mind that "[t]he purpose of a motion under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the probability of success on the merits." *Kennedy v. R.W.C., Inc.,* 359 F.Supp.2d 636, 639 (E.D.Mich. 2005).

### B. The FDCPA Claim Is Not Precluded By The Bankruptcy Code

■ The Bank asserts that the FDCPA Claim must be dismissed pursuant to Civil Rule 12(b)(6) for failure to state a claim on which relief can be granted because the Bankruptcy Code precludes the Debtor from asserting such a claim. The Sixth Circuit Court of Appeals has not addressed the issue of whether the Bankruptcy Code precludes a debtor from asserting a cause of action under the FDCPA for conduct that violates the Bankruptcy Code. The Bank acknowledges that there is a circuit split between the Ninth and Seventh Circuits on this issue but urges this Court to follow the holding of the Ninth Circuit and to dismiss the Debtor's FDCPA Claim. *Compare Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502 (9th Cir.2002) (holding that a debtor's remedy for a creditor's alleged violations of the discharge injunction lies in the Bankruptcy Code such as to preclude a simultaneous claim for relief under the FDCPA), *with Randolph v. IMBS, Inc.,* 368 F.3d 726 (7th Cir.2004) (holding that the Bankruptcy Code does not implicitly repeal the FDCPA such as to preclude overlapping claims for relief based on actions in violation of the Bankruptcy Code).[3] For the reasons set forth below, this Court respectfully adopts the reasoning of the Seventh Circuit in finding that the Debtor's FDCPA Claim is not precluded by the Bankruptcy Code.

**3.** The Second Circuit, in *Simmons v. Roundup Funding, LLC,* affirmed the district court's dismissal of a putative class action alleging that the creditor's filing of inflated proofs of claim in bankruptcy proceedings violated the FDCPA. 622 F.3d 93, 96 (2nd Cir.2010). While the Second Circuit held that the filing of a proof of claim in a bankruptcy case cannot form the basis for a FDCPA claim because in such circumstances a debtor is already under the protection of the bankruptcy court and there is no need to supplement the remedies afforded by the Bankruptcy Code, the Second Circuit declined to address the broader consideration of whether the Bankruptcy Code precludes *all* claims under the FDCPA based on acts that violate any provision of the Bankruptcy Code. *Id.* at 96, n. 2 (noting the split of authority between the Seventh and Ninth Circuits).

In *Walls v. Wells Fargo Bank, N.A.,* the Ninth Circuit Court of Appeals affirmed the district court's dismissal of the plaintiff-debtor's simultaneous causes of action for relief under Sections 105 and 524 of the Bankruptcy Code and under Section 1692f of the FDCPA, which claims arose from the defendant-bank's alleged attempts to collect debts that had been discharged in bankruptcy. 276 F.3d at 504. With respect to plaintiff-debtor's cause of action under the Bankruptcy Code, the Ninth Circuit held that the Bankruptcy Code does not provide a private cause of action under Section 524 or through Section 105 of the Bankruptcy Code for violations of the discharge injunction. *Id.* The Sixth Circuit Court of Appeals has similarly found that there is no implied private right of action under either Sections 105 or 524 of the Bankruptcy Code for asserted violations of the discharge injunction. *Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 422–23 (6th Cir.2000). In reaching this conclusion, the Sixth and Ninth Circuits focused on whether Congress intended to create an implied private cause of action within the Bankruptcy Code for actions that violate the discharge injunction. *See Pertuso,* 233 F.3d at 421 (noting that "the recognition of a private right of action requires affirmative evidence of congressional intent in the language and purpose of the statute or in its legislative history"); *Walls,* 276 F.3d at 508 (noting that "the critical inquiry is whether Congress intended to create a private right of action"). Finding no such Congressional intent, the Sixth and the Ninth Circuits concluded that a civil contempt proceeding is the appropriate remedy under the Bankruptcy Code for violations of the discharge injunc-

tion. *See Pertuso,* 233 F.3d at 421, 423 n. 1 (finding that "Section 105 undoubtedly vests bankruptcy courts with statutory contempt powers, but it does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law" and noting that "the traditional remedy for violation of an injunction lies in contempt proceedings" (internal citations and quotations omitted)); *Walls,* 276 F.3d at 506–07 (finding that civil contempt is the appropriate remedy for violations of Section 524 of the Bankruptcy Code).[4]

The Ninth Circuit Court of Appeals in *Walls* takes its holding precluding a private cause of action under the Bankruptcy Code for violations of the discharge injunction one step further and concludes that "[b]ecause [the plaintiff-debtor's] remedy for violation of § 524 no matter how cast lies in the Bankruptcy Code, her simultaneous FDCPA claim is precluded." *Walls,* 276 F.3d at 511. The Ninth Circuit noted that "[t]o permit a simultaneous claim under the FDCPA would allow through the back door what [the plaintiff-debtor] cannot accomplish through the front door—a private right of action." *Id.* at 510. It strikes this Court, however, that the lack of a private cause of action under the Bankruptcy Code for actions violating the discharge injunction does not necessarily mean that other remedies under applicable non-bankruptcy law are therefore unavailable to debtors for violations of the discharge injunction. *See Gunter v. Columbus Check Cashiers, Inc. (In re Gunter),* 334 B.R. 900, 905 (Bankr.S.D.Ohio 2005) ("Nowhere in *Pertuso* does it state that the Bankruptcy Code bars a debtor from

---

4. The district court in *Walls* found that the proper remedy for a violation of the discharge injunction was a claim for contempt under Section 105(a) of the Bankruptcy Code and referred the plaintiff-debtor's claim for con-

tempt to the bankruptcy court. *Walls,* 276 F.3d at 504. The district court's referral of the contempt claim was not before the Ninth Circuit on appeal. *Id.* at 505.

bringing other causes of action (e.g., FDCPA claims) based on the same [set] of facts that give rise to a discharge injunction violation."); *Atwood v. GE Money Bank (In re Atwood)*, 452 B.R. 249, 253 (Bankr.D.N.M.2011) ("Enforcement of the automatic stay provisions under the Bankruptcy Code is not Plaintiff's exclusive remedy for collection activity that could also constitute a violation of the FDCPA.").

As stated by the Seventh Circuit in *Randolph v. IMBS, Inc.*, "[w]hen two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other." [5] 368 F.3d at 730 (citations omitted). To find that the Bankruptcy Code repeals the FDCPA with respect to claims for actions violating the Bankruptcy Code, there must be "either irreconcilable conflict between the statutes or a clearly expressed legislative decision that one replace the other." *Id.* As noted by the Seventh Circuit, "repeal by implication is a rare bird indeed." *Id.*

In *Walls*, the Ninth Circuit concluded that the complex, detailed and com-

prehensive nature of the Bankruptcy Code demonstrated Congressional intent to limit a debtor's remedy for violation of the discharge injunction to the debtor protection provisions provided by the Bankruptcy Code. *Walls*, 276 F.3d at 510. The Seventh Circuit appears to disagree that there is a clearly expressed legislative decision that the Bankruptcy Code replaces bankruptcy debtor remedies under the FDCPA. *Randolph*, 368 F.3d at 730 ("The district court did not find any clearly expressed decision that the Bankruptcy Code displaces the FDCPA, and the debtor collectors do not contend that Congress made such a decision."). Moreover, the cases cited by the Ninth Circuit in *Walls* do not directly explain how the Bankruptcy Code repealed the FDCPA. The Ninth Circuit's citation to *MSR Exploration v. Meridian Oil*, 74 F.3d 910, 914 (9th Cir. 1996) demonstrates how the Bankruptcy Code may preempt certain state law remedies,[6] however, preemption "is more readily inferred" than repeal. *Rios v. Bakalar & Assocs., P.A.*, 795 F.Supp.2d 1368, 1370 (S.D.Fla.2011) (citing *Randolph*, 368 F.3d at 730). Similarly, the Ninth Circuit's ref-

---

**5.** Many cases discussing the interplay between the Bankruptcy Code and the FDCPA refer to the terms "preemption" and "preclusion" interchangeably. As noted by the Seventh Circuit, however, "[o]ne federal statute does not preempt another." *Randolph*, 368 F.3d at 730. Preemption "has its roots in the Supremacy Clause of the United States Constitution ... and is implicated only when there is a conflict between federal and state regulations ... Under this doctrine, state laws interfering with, or contrary to, federal law are preempted." *Church v. OneWest Bank FSB*, 2011 U.S. Dist. LEXIS 68718 at *7 n. 2, 2011 WL 2444719 at *3 n. 2 (D.Or. Jan. 18, 2011) (quoting *In re Chaussee*, 399 B.R. 225, 230 (9th Cir. BAP 2008) (internal quotation marks omitted)). "When two federal statutes, such as the FDCPA and the bankruptcy code, intersect, [p]reemption is not the applicable doctrine under these circumstances, since the question of whether one federal law takes

precedence over another does not implicate the Supremacy Clause." *Alabi v. Homecomings Fin. LLC*, 2011 U.S. Dist. LEXIS 107632 at *20 n. 10, 2011 WL 4398140 at *6 n. 10 (N.D.Ill. Sept. 21, 2011) (quoting *Coker v. Trans World Airlines, Inc.*, 165 F.3d 579, 583 (7th Cir.1999) (internal quotation marks omitted)). While preemption and preclusion carry "a slightly different moniker," the argument is essentially the same. *Church v. OneWest Bank FSB*, 2011 U.S. Dist. LEXIS 68718 at *7 n. 2, 2011 WL 2444719 at *3 n. 2.

**6.** In *Pertuso*, the Sixth Circuit reaches the same conclusion regarding preemption of state law claims for unjust enrichment and accounting but did not address the higher standards for finding that one federal statute implicitly repeals another. *Pertuso*, 233 F.3d at 426.

erence to the Supreme Court's decision in *Kokoszka v. Belford*, 417 U.S. 642, 651, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) is not determinative on the question of clearly expressed legislative decision. As noted by the Seventh Circuit, the Supreme Court's suggestion in *Kokoszka* regarding the broad protections and remedies under the Bankruptcy Code was not expressed as a holding and even if it had been it would not affect the relationship between the Bankruptcy Code and the FDCPA. *Randolph*, 368 F.3d at 731. Rather, the question is "whether overlapping and not entirely congruent remedial systems can coexist." *Id.*

As to this question, the Seventh Circuit did not find any irreconcilable conflict between Bankruptcy Code and the FDCPA. *Id.* at 730. In examining the relationship between the automatic stay provision of Section 362 of the Bankruptcy Code and the FDCPA, the Seventh Circuit noted that while Section 362 of the Bankruptcy Code overlaps with certain provisions of the FDCPA, it is nonetheless possible for people to comply with both statutes. *Id.* at 730–31. As such, the Seventh Circuit held that Section 362 of the Bankruptcy Code does not repeal the FDCPA by implication based on an overlap between the two statutes and that courts may therefore enforce both statutes. *Id.* In the same way, a claim for a violation of the discharge injunction under the Bankruptcy Code and a claim for violations of the FDCPA based on the same set of facts "do not exist in irreconcilable conflict; in fact, the FDCPA and the Bankruptcy Code have different elements, require different levels of scienter, offer different defenses, and allow different damages where someone attempts to collect on discharged debt." *Rios*, 795 F.Supp.2d at 1370.

Other courts in this district have found the decision and reasoning of the Seventh Circuit in *Randolph* to be persuasive on the issue of the viability of claims under the FDCPA based on actions in violation of the Bankruptcy Code. *See Kline v. Mortgage Electronic Security Systems*, 659 F.Supp.2d 940, 950–51 (S.D.Ohio 2009) (Rice, J.); *Evans v. Midland Funding, LLC*, 574 F.Supp.2d 808, 817 (S.D.Ohio 2008) (Dlott, J.); *Gunter v. Columbus Check Cashiers, Inc. (In re Gunter)*, 334 B.R. 900, 904–05 (Bankr.S.D.Ohio 2005) (Calhoun, J.). This Court likewise adopts the approach of the Seventh Circuit and concludes that the Debtor's FDCPA Claim is not precluded by the Bankruptcy Code.

**C.** ***This Court Does Not Have Jurisdiction Over The Debtor's FDCPA Claim Under 28 U.S.C. § 157(c) And To The Extent That This Court Has The Authority To Exercise Supplemental Jurisdiction Over The FDCPA Claim Pursuant To 28 U.S.C. § 1367, This Court Declines To Do So***

█ The Bank contends that the Debtor's FDCPA Claim should be dismissed pursuant to Civil Rule 12(b)(1) because this Court lacks subject matter jurisdiction over such claim. Despite the Bank's challenge of this Court's subject matter jurisdiction, this Court nonetheless has the authority to rule on the issue of its jurisdiction in connection with the Motion to Dismiss. *See In re Bavelis*, 453 B.R. at 844 ("The court has the authority to pass upon its own jurisdiction . . .") (quoting *Pratt v. Ventas, Inc.*, 365 F.3d 514, 521 (6th Cir.2004) (internal quotations and additional citations omitted)).

█ "The jurisdiction of the bankruptcy court, like that of any other federal court, is limited by statute." *Arzuaga v. Quantum Servicing Corp. (In re Arzuaga)*, 2012 Bankr.LEXIS 1443 at *10, 2012 WL 1120673 at *4 (Bankr.D.P.R. Apr. 3,

2012). It is well understood that the statutory source of a bankruptcy court's jurisdiction is 28 U.S.C. §§ 157 and 1334 and that a bankruptcy court, through the general order of reference by the district court, has jurisdiction over proceedings "arising under" title 11,[7] proceedings "arising in" a case under title 11,[8] and proceedings "related to" a case under title 11. *See, e.g., In re Bavelis,* 453 B.R. at 851. The Debtor does not assert that her FDCPA Claim "arises under" title 11 or "arises in" a case under title 11. Rather, the Debtor argues that this Court either has "related to" jurisdiction under 28 U.S.C. § 157(c) or supplemental jurisdiction under 28 U.S.C. § 1367 over the FDCPA Claim. For the reasons set forth below, this Court concludes that it does not have subject matter jurisdiction over the Debtor's FDCPA Claim under 28 U.S.C. § 157(c). Moreover, to the extent that this Court has the authority to exercise supplemental jurisdiction over the FDCPA Claim pursuant to 28 U.S.C. § 1367, this Court finds there are compelling reasons for declining to do so in this case.

**1. *This Court Does Not Have "Related To" Jurisdiction Over The FDCPA Claim Pursuant To 28 U.S.C. § 157(c)***

■ The Debtor argues that this Court should follow the pragmatic approach taken by the bankruptcy court in *Eastman v. Baker Recovery Servs. (In re Eastman),* 2009 Bankr.LEXIS 4352 (Bankr.W.D. Tex. April 17, 2009) on the subject of "related to" jurisdiction and broadly interpret the scope of this Court's authority to hear the FDCPA Claim. In *In re Eastman,* the plaintiff-debtor re-opened his bankruptcy case to seek damages for the defendants' alleged violation of the discharge injunction. *Id.* at *4. In his complaint, the plaintiff-debtor also asserted a claim against the defendants under the FDCPA. *Id.* The *Eastman* court noted that the plaintiff-debtor's claim for violation of the discharge injunction was a core proceeding over which the bankruptcy court had jurisdiction because it was an action "arising under" a provision of title 11. *Id.* at *13. The *Eastman* court further observed that the facts which gave rise to the debtor's claim for violation of the discharge injunction were the same facts that supported the plaintiff-debtor's FDCPA claim. *Id.* Consequently, the *Eastman* court concluded that it had "related to" jurisdiction over the plaintiff-debtor's FDCPA claim because there would be no judicial efficiency in requiring the plaintiff-debtor to pursue claims based on the same facts in two separate courts. *Id.*

■ The fact that the Debtor's FDCPA Claim and her claim for violation of the discharge injunction share a common factual nexus is not sufficient to establish jurisdiction in this Court. *Harlan v. Rosenberg & Assocs., LLC (In re Harlan),* 402 B.R. 703 (Bankr.W.D.Va.2009). Moreover, "[j]udicial economy itself does not justify federal jurisdiction." *Rhiel v. Central Mortg. Co. (In re Kebe),* 444 B.R. 871, 876 (Bankr.S.D.Ohio 2011) (quoting *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),* 910 F.2d 784, 789 (11th Cir. 1990) (internal quotation marks and further citations omitted)). Indeed, subsequent to its decision in *Eastman,* the same

---

**7.** Proceedings "arising under" title 11 are proceedings that "involve a cause of action created or determined by a statutory provision of title 11." *Id.* (citations omitted).

**8.** Proceedings "arising in" a case under title 11 are proceedings that could only arise in a bankruptcy case and would have no existence outside of a bankruptcy case. *Id.* at 853 (citations omitted).

bankruptcy court has concluded that it does not have subject matter jurisdiction to adjudicate FDCPA claims. *See Wilkinson v. EMC Mortg. (In re Wilkinson),* 2012 Bankr.LEXIS 163 at *32, 2012 WL 112945 at *11 (Bankr.W.D.Tex. Jan. 12, 2012); *Smith v. CitiMortgage, Inc. (In re Smith),* 2012 Bankr.LEXIS 599 at *29, 2012 WL 566246 at *8 (Bankr.W.D.Tex. Feb. 21, 2012).

The Debtor nonetheless asserts that there is precedent in this district for a bankruptcy court to exercise jurisdiction over a FDCPA claim. In *Gunter v. Kevin O'Brien & Assocs. Co., LPA (In re Gunter),* the defendant filed a motion to withdraw the reference with respect to an adversary proceeding pending in the bankruptcy court in which the plaintiff-debtor asserted claims for violation of the discharge injunction and violation of the FDCPA. *In re Gunter,* No. 2:07–cv–335, *Motion to Withdraw the Reference* [Docket Number 4] (S.D.Ohio Apr. 17, 2007). The defendant asserted (among other arguments) that the reference should be withdrawn because the FDCPA claim was a non-core proceeding over which the bankruptcy court lacked "related to" jurisdiction. *Id.* The district court denied the motion to withdraw the reference without prejudice to renewal after the discharge injunction claim was resolved in the bankruptcy court. *Id.* [Docket Number 5]. The Debtor argues that the district court implicitly held that the bankruptcy court had jurisdiction over the

FDCPA claim because, if the district court agreed that the bankruptcy court lacked subject matter jurisdiction over the FDCPA claim, as argued by the defendant, the district court would have granted the motion to withdraw the reference. This Court disagrees.

The district court in *Gunter* did not specifically address whether the bankruptcy court had subject matter jurisdiction over the FDCPA claim. By denying the motion to withdraw the reference *without prejudice to renewal* once the bankruptcy court addressed the discharge injunction claim, the district court merely deferred the determination of whether the reference should be withdrawn as to the FDCPA claim to a later date in the event that the defendant chose to reassert its request for withdrawal of the reference. Nor is the fact that the district court subsequently granted a joint motion [9] by the plaintiff-debtor and defendant authorizing the bankruptcy court to conduct a trial by jury and to enter final orders and judgments on the plaintiff-debtor's FDCPA claim indicative of judicial adjudication on the subject of bankruptcy court jurisdiction over FDCPA claims. The district court's order granting the joint motion was entered on a default basis [10] and, as such, provides no substantive discussion on the topic of subject matter jurisdiction. Accordingly, this Court is not persuaded that *Gunter* provides any precedential value on the issue

**9.** The joint motion was filed after the bankruptcy court resolved the discharge injunction claim in favor of the defendant. *In re Gunter,* Adv. Proc. No. 05–2257, *Memorandum Opinion On Complaint For Contempt And Sanctions For Violations Of The Discharge Injunction* [Docket Number 77] and *Final Judgment* [Docket Number 78] (Bankr. S.D. Ohio June 17, 2008) and *In re Gunter,* No. 2:07–cv–335, *Joint Motion For Order Specially Designating Bankruptcy Court to Conduct A Jury Trial On And Enter Final Orders And Judgments On*

*Count II Of Plaintiff's Complaint* [Docket Number 6] (S.D.Ohio Aug. 11, 2008).

**10.** The order states that "[t]o date, no responsive pleadings have been filed. Accordingly, the Joint Motion filed by the Plaintiff and Defendant (doc. # 6) is **GRANTED.**" *In re Gunter,* Case No. 2:07–cv–335, *Order Granting Joint Motion* [Docket Number 7] (S.D.Ohio Aug. 20, 2008).

of bankruptcy court jurisdiction over FDCPA claims.

◼ The appropriate test to determine whether this Court has "related to" jurisdiction over the Debtor's FDCPA Claim is whether the outcome of the Debtor's FDCPA Claim could have any conceivable effect on the Debtor's bankruptcy estate. *See Michigan Emp't Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1144 (6th Cir.1991) ("The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.*") (quoting *Pacor, Inc. v. Higgins (In re Pacor)*, 743 F.2d 984, 994 (3d Cir.1984) (internal quotation marks omitted)). Regardless of the outcome of the FDCPA Claim, this Court finds that the Debtor has failed to establish that resolution of the FDCPA Claim could have any conceivable effect the Debtor's (or the putative contempt class

members') bankruptcy estate(s) based on the facts alleged in the Amended Complaint.

◼ The Amended Complaint alleges post-petition violations of the discharge injunction by the Bank. "[C]laims arising from post-petition actions are not property of the estate." *Vienneau v. Saxon Capital, Inc. (In re Vienneau)*, 410 B.R. 329, 334 (Bankr.D.Mass.2009) (citations omitted). As such, any recovery on the FDCPA Claim will inure to the benefit of the Debtor and therefore will have no impact on the administration of the Debtor's estate.[11] *See Schramm v. TMS Mortg., Inc. (In re Schramm)*, 2006 Bankr.LEXIS 4470 at *11 (Bankr.N.D.Ohio July 6, 2006); *In re Arzuaga*, 2012 Bankr.LEXIS 1443 at *13, 2012 WL 1120673 at *5. Accordingly, this Court lacks "related to" jurisdiction over the FDCPA Claim. The vast majority of courts that have directly addressed this jurisdictional issue under similar facts have reached the same conclusion.[12]

---

11. The facts of this case are distinguishable from cases where courts found "related to" jurisdiction over FDCPA causes of action where such causes of action were property of the estate and potential recovery could affect the administration of the bankruptcy estate. *See, e.g., Tolliver v. Bank of Am. (In re Tolliver)*, 464 B.R. 720, 732–33 (Bankr.E.D.Ky. 2012) (finding bankruptcy court jurisdiction over state and federal law claims (including FDCPA claim) because any potential recovery could conceivably augment the chapter 13 estate); *Simmerman v. Ocwen Fin. & Mortg. Servs. (In re Simmerman)*, 463 B.R. 47, 55 (Bankr.S.D.Ohio 2011) (finding bankruptcy court jurisdiction over FDCPA claim because the claim was property of the debtor's chapter 13 estate); *Turner v. Universal Debt Solutions, Inc. (In re Turner)*, 436 B.R. 153, 157 (M.D.Ala.2010) (finding that the bankruptcy court had "related to" jurisdiction over FDCPA claim for alleged pre-petition unfair debt collection practices brought by chapter 13 debtor during the pendency of the debtor's bankruptcy case because such cause of action was property of the estate).

12. *See, e.g., Smith v. Everbank (In re Smith)*, 2012 Bankr.LEXIS 1940 at *9–10, 2012 WL 1565454 at *4 (Bankr.S.D.Ind. May 2, 2012) (finding no jurisdiction over FDCPA claim in discharged chapter 13 case because "[r]ecovery of the FDCPA claim will not affect the amount of property available for distribution or the allocation of property among creditors"); *In re Arzuaga*, 2012 Bankr.LEXIS 1443 at *13, 2012 WL 1120673 at *5 ("An FDCPA claim regarding post-discharge conduct that does not impact in any way the bankruptcy estate does not fall under Title 11's jurisdictional umbrella because any remedies gained under the FDCPA inure to the plaintiff and not to the bankruptcy estate."); *In re Wilkinson*, 2012 Bankr.LEXIS 163 at *32, 2012 WL 112945 at *11 ("This court agrees with the majority of courts that have concluded that bankruptcy courts do not have 'related to' jurisdiction over a chapter 7 debtor's post-petition claims for unfair debt collection practices. Resolution of the Wilkinsons' unreasonable collection efforts and FDCPA claims will have no impact whatsoever on the Wilkinsons' bankruptcy estate.");

## 2. This Court Will Not Exercise Supplemental Jurisdiction Over the FDCPA Claim

██ As an alternative basis for jurisdiction in this Court, the Debtor asserts that this Court may exercise supplemental jurisdiction over the FDCPA Claim pursuant to 28 U.S.C. § 1367. This Court disagrees for two reasons. First, supplemental jurisdiction is not applicable to the claims at issue in this case. The supplemental jurisdiction statute provides in relevant part that:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article

III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). By implication, the Debtor is arguing that the district court has supplemental jurisdiction over the FDCPA Claim because it is part of the same case or controversy as the claim for violation of the discharge injunction in the bankruptcy case over which case the district court has original jurisdiction. While the Debtor properly summarizes the typical standard for determining whether a claim forms part of the same case or controversy as the matter giving rise to the original jurisdiction (*i.e.,* whether the claims derive from a common nucleus of operative facts),[13] the district court does not need to rely on its original jurisdiction over the bankruptcy case as a source for jurisdiction over the "other claim" (*i.e.,* the FDCPA Claim) because the district court already has original jurisdiction over the

---

*Frambes v. Nuvell Nat'l Auto Fin., LLC (In re Frambes),* 454 B.R. 437, 443 (Bankr.E.D.Ky. 2011) ("The factual allegations which give rise to the Debtors' claims for violations of the FDCPA and the KCPA have all occurred postpetition and are not property of the Debtor's estate. Whatever their outcome, the Debtor's estate will be unaffected. Thus, the Court lacks 'related to' jurisdiction over these claims."); *In re Atwood,* 452 B.R. at 255–56 ("Most courts that have considered this issue have found that the bankruptcy court does not have subject matter jurisdiction over a Chapter 7 debtor's post-petition claims for violation of the FDCPA. This Court agrees." (collecting cases)).

**13.** *See generally Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 209 (6th Cir.2004) ("Claims form part of the same case or controversy when they derive from a common nucleus of operative facts.") (internal citations and quotation marks omitted).

As explained by the court in *In re Enron,*
[I]t is not accurate to describe the reach of supplemental jurisdiction under section 1367 as necessarily greater than the reach of "related to" jurisdiction under section 1334. Each section applies certain criteria—section 1334 uses the "relatedness" standard and section 1367 uses the "common nucleus of operative facts" of pendent jurisdiction and "logical dependence" of ancillary jurisdiction. The application of any of these criteria involves the principles of extending jurisdiction over matters that would not have arisen under a particular jurisdictional statute. However, because of the particular standards applied under the statutes, each may reach matters that the other would not. In the instant matter, the same operative facts are involved, but because there is no impact on the estate, there is no related to jurisdiction. However, the reach of "related to" jurisdiction under section 1334, which is limited by its "impact on the estate" but not by the criteria of common nucleus of operative facts or logical dependence, may reach matters far beyond that of section 1367.
*Enron Corp. v. Citigroup, Inc. (In re Enron Corp.),* 353 B.R. 51, 62 (Bankr.S.D.N.Y.2006).

FDCPA Claim. *See Johnson v. First Southern Financial Services (In re Johnson)*, 2010 WL 3909226 at *4 (Bankr. N.D.Ala. Sept. 30, 2010) ("Unlike the third-party claim in *Hospitality Ventures* that was based on a state-law theory of recovery over which the district court had no independent subject matter jurisdiction, the Plaintiff's [Fair Credit Reporting Act (*"FCRA"*)] claim falls squarely within a district court's federal question jurisdiction under 28 U.S.C. § 1331—FCRA is a federal statute. Thus district court jurisdiction over the FCRA claim cannot be based on § 1367 supplemental jurisdiction."). The FDCPA Claim arises under a federal statute, which falls directly within the district court's federal question jurisdiction. *Id.* Accordingly, since the district court has original jurisdiction over the FDCPA Claim, the district court does not need to look to the supplemental jurisdiction statute to bring the FDCPA Claim within its jurisdiction, rendering the concept of supplemental jurisdiction irrelevant in this case.

Second, to the extent that the notion of supplemental jurisdiction is relevant in this case, there is a split of authority as to whether a bankruptcy court may exercise supplemental jurisdiction. *Compare Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 571 (5th Cir.1995) (concluding that a bankruptcy court may not exercise supplemental jurisdiction), *with Klein v. Civale & Trovato, Inc. (In re Lionel Corp.)*, 29 F.3d 88, 92 (2d Cir.1994) (finding that the bankruptcy court had jurisdiction over third-party claim under principles of supplemental jurisdiction),[14] *and Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1195 (9th Cir.2005)

(holding that the bankruptcy court could exercise supplemental jurisdiction over claims that involved a " 'common nucleus of operative facts' and would ordinarily be expected to be resolved in one judicial proceeding"); *see also* Eric C. Surette, *Exercise of Supplemental Jurisdiction by Bankruptcy Courts Pursuant to 28 U.S.C.A § 1367*, 52 A.L.R. Fed. 2d 243 (2012). The Sixth Circuit Court of Appeals has not addressed this issue and this Court declines to do so under the facts of this case.

■■■■ Even where a court has the power to employ supplemental jurisdiction, it is within the court's discretion to decline to do so in appropriate circumstances. *See Munding v. LeMaster & Daniels, P.L.L.C. (In re Spokane Raceway Park, Inc.)*, 392 B.R. 451, 460 (Bankr.E.D.Wash.2008) (noting that courts exercise their discretion in the application of supplemental jurisdiction and deciding to abstain from hearing third-party action, pursuant to 28 U.S.C. § 1367(c), because the third-party plaintiff had already raised its claim in state court); *In re Schramm*, 2006 Bankr.LEXIS 4470 at *12 ("The court may decline to exercise [supplemental] jurisdiction in its discretion. 28 U.S.C. § 1367(c)."). As previously discussed, the outcome of the FDCPA Claim has no conceivable effect on the Debtor's bankruptcy estate nor is the resolution of the FDCPA Claim necessary to address the core bankruptcy claim relating to alleged violation of the discharge injunction. Moreover, the weight of authority calls into serious question this Court's authority to exercise supplemental jurisdiction over the FDCPA Claim. *See In re Kebe*, 444 B.R. at 880 (characterizing the

**14.** *But see In re Enron Corp.*, 353 B.R. at 62 (characterizing the Second Circuit's decision in *In re Lionel* as not standing for the broad proposition of direct application of supplemental jurisdiction under 28 U.S.C. § 1367 but rather as recognizing the principles of supplemental jurisdiction as being incorporated into the framework of a bankruptcy court's jurisdiction under 28 U.S.C. § 1334(b)).

view that bankruptcy courts are not authorized to exercise supplemental jurisdiction as the majority view); *McKinstry v. Sergent (In re Black Diamond Mining Co.)*, 2011 Bankr.LEXIS 3645 at *19–20, 2011 WL 4433624 at *5 (Bankr.E.D.Ky. September 21, 2011) (same and observing that "[g]iven the Supreme Court's recent decision in *Stern v. Marshall*, 564 U.S. ——, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), which limited the bankruptcy court's jurisdiction in 'related to' cases, this Court doubts very seriously that the Supreme Court would find that the bankruptcy courts have supplemental jurisdiction which could include claims entirely unrelated to bankruptcy merely because those claims relate to the same case or controversy as a cause of action pending before the bankruptcy court."). In contrast, the District Court has original jurisdiction over both claims.[15] As such, the concept of judicial economy favors giving the District Court the option to consider

whether it is appropriate to withdraw the reference such that both the FDCPA Claim and Bankruptcy Claim may be heard in one forum, as requested by the Debtor in the event that this Court declined or otherwise determined it was unable to hear both claims. *See In re Johnson*, 2010 WL 3909226 at *4. Accordingly, to the extent that this Court has the authority to exercise supplemental jurisdiction over the FDCPA Claim, this Court finds there are compelling reasons for declining to do so in this case. 28 U.S.C. § 1367(c)(4).

### D. *The Bankruptcy Claim May Not Be Brought In An Adversary Proceeding*

■■■ The Bank alleges that the Debtor's Bankruptcy Claim is procedurally unsound and constitutes an impermissible private right of action because the claim was brought as a cause of action in an

---

**15.** District courts have original jurisdiction of civil actions arising under federal law, such as the FDCPA Claim. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Similarly, district courts have original jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). While district courts may refer proceedings arising under title 11, or arising in or related to cases under title 11 to bankruptcy courts within their districts, district courts do not lack subject matter jurisdiction to adjudicate such proceedings or cases directly. *See Justice Cometh, Ltd. v. Lambert*, 426 F.3d 1342, (11th Cir. 2005) (holding that the district court had subject matter jurisdiction to directly adjudicate claim for violation of the automatic stay in the plaintiff's bankruptcy proceeding); *Price v. Rochford*, 947 F.2d 829, 832 n. 1 (7th Cir. 1991) (finding that district court had jurisdiction to adjudicate plaintiff's claim for violation of the automatic stay and noting that "after a bankruptcy is over, it may well be more appropriate to bring suit in district court, especially when other claims are attached"); *In re Moody*, 899 F.2d 383, 386 (5th Cir.1990) ("Although a district court may refer title 11 cases to bankruptcy judges, *id.* § 157(a), it may withdraw, in whole or in part, any title 11 case referred to the bankruptcy court on its own motion or on timely motion of any party for good cause, *id.* § 157(d)."); *Roberts v. Am. Bank & Trust Co.*, 835 F.Supp.2d 183, 206 (E.D.La.2011) (adopting position of the Eleventh Circuit in *Justice Cometh, Ltd.*); *but see, Eastern Equip. & Servs. Corp. v. Factory Point Nat'l Bank*, 236 F.3d 117, 121 (2d Cir.2001) (finding that claims for violation of the automatic stay *"must* be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases") (emphasis in the original); *Stire v. U.S. Bancorp*, 2011 U.S. Dist. LEXIS 44651 at *15–16, 2011 WL 1575353 at *6 (E.D.Mich. Apr. 26, 2011) (finding that although districts courts have original jurisdiction to hear bankruptcy issues, the bankruptcy court was the more appropriate forum to adjudicate claims for violation of the discharge injunction).

adversary proceeding rather than as a motion for contempt. This Court agrees.

 The Debtor's Bankruptcy Claim is premised on Sections 524(a)(2) and 105(a) of the Bankruptcy Code and seeks "an Order redressing Defendant's contemptuous conduct including but not limited to, declaratory relief, restitution, actual damages, punitive damages and attorney fees and appropriate sanctions to deter such contemptuous conduct in the future including without limitation penalties or fines payable to the Court." Amended Complaint. As previously discussed, however, the Sixth Circuit Court of Appeals has determined that there is no implied private right of action under either Sections 105 or 524 of the Bankruptcy Code for asserted violations of the discharge injunction. *Pertuso*, 233 F.3d at 422–23. The language of section 524(a)(2) does not express the requisite legislative intent to provide a private right of action by debtors to remedy alleged discharge injunction violations. *Id.* at 421. Nor do the statutory contempt powers afforded to bankruptcy courts pursuant to Section 105(a) of the Bankruptcy Code empower "bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law." *Id.* at 423 (citations omitted).

 This is not to say that an aggrieved debtor is without any recourse by which to address violations of the discharge injunction. A debtor may still seek damages and in appropriate circumstances reasonable attorney fees for violation of the discharge injunction, *see Badovick v. Greenspan (In re Greenspan)*, 2011 Bankr.LEXIS 272 at *8–9, 2011 WL 310703 at *3 (6th Cir. BAP Feb. 2, 2011),[16] but as the Sixth Circuit noted, "the traditional remedy for violation of an injunction

lies in contempt proceedings, not in a lawsuit." *Pertuso*, 233 F.3d at 421.

The Debtor argues that requiring her to bring the Bankruptcy Claim as a contested matter rather than as a cause of action as currently pled in the Adversary Proceeding is to elevate form over substance. *See Premium Asset Recovery Corp. (In re Motichko)*, 395 B.R. 25, 32–33 (Bankr. N.D.Ohio 2008) ("To dismiss on procedural grounds alone would be to elevate form over substance."); *Palazzola v. City of Toledo (In re Palazzola)*, 2011 Bankr.LEXIS 3225 at *31–32, 2011 WL 3667624 at *11 (Bankr.N.D.Ohio Aug. 22, 2011) (same). Those courts aligned with the Debtor's position reason that "an adversary proceeding provides more procedural protection for the defendant than does a contested matter brought by way of motion" and that requiring a debtor to re-file the debtor's claim as a contested matter amounts to "unnecessary 'hoop jumping' [that] merely serve[s] to increase the costs of litigation, without providing any real benefit to either party." *In re Motichko*, 395 B.R. at 33; *see also In re Palazzola*, 2011 Bankr.LEXIS 3225 at *31–32, 2011 WL 3667624 at *11.

The Bankruptcy Rules specify the procedure for bringing a contempt proceeding. Bankruptcy Rule 9020 states that "[Bankruptcy] Rule 9014 governs a motion for an order of contempt made by the United States Trustee or a party in interest." Fed. R. Bankr.P. 9020. In turn, Bankruptcy Rule 9014 provides that a request for relief in a contested matter is made by motion. Fed. R. Bankr.P. 9014 ("In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion

**16.** *See also Miles v. Clark (In re Miles)*, 357 B.R. 446, 450 (Bankr.W.D.Ky.2006); *Chambers v. GreenPoint Credit (In re Chambers)*, 324 B.R. 326, 329 (Bankr.N.D.Ohio 2005); *In re Miller*, 247 B.R. 224, 228 (Bankr.E.D.Mich. 2000).

...."). By contrast, Bankruptcy Rule 7001 lists the type of proceedings that qualify as adversary proceedings, which list does not include contempt proceedings. Fed. R. Bankr.P. 7001.

 While there may be some appeal to the Debtor's form over substance argument in cases such as *Motichko*[17] and *Palazzola* where the sole remaining claim in the adversary proceeding is the claim for contempt arising from alleged violations of the discharge injunction, such is not the case in this Adversary Proceeding. In addition to the contempt claim for violation of the discharge injunction as relates to the Debtor, the Amended Complaint alleges a contempt claim for violation of the discharge injunction on behalf of a putative class of debtors as well as individual and putative class claims for violation of the FDCPA. "[A]s a general matter, the [Bankruptcy] Code defines the creation, alteration or elimination of substantive rights but the Bankruptcy Rules define the process by which these privileges may be effected. The Rules are there for a reason." *SLW Capital, LLC v. Mansaray–Ruffin (In re Mansaray–Ruffin)*, 530 F.3d 230, 237–38 (3rd Cir.2008) (internal quotations and citations omitted). This Court should not be required to speculate as to the potential substantive effects of ignoring the dichotomy between a contested matter and an adversary proceeding prescribed by the Bankruptcy Rules, particularly where a complaint alleges claims in addition to a claim for violation of the discharge injunction. Accordingly, this Court concludes that the Debtor's Bankruptcy Claim may not be asserted in the Adversary Proceeding. *See In re Frambes*, 454 B.R. at 440–43 (providing a comprehensive analysis of the framework of the Bankruptcy Rules as relates to claims for violation of the discharge injunction and concluding that such claims must be brought by motion); *Chastain v. Bank of Am. Home Loans (In re Chastain)*, 2012 Bankr.LEXIS 2878, 2012 WL 2377467 (Bankr.E.D. Tenn. June 25, 2012)(adopting the rationale of *In re Frambes*).

## III. *Conclusion*

In conclusion, while this Court has determined that the Debtor's FDCPA Claim is not precluded by the Bankruptcy Code, this Court also has determined that it does not have jurisdiction over the FDCPA Claim under 28 U.S.C. § 157(c) and, to the extent that this Court has authority to exercise supplemental jurisdiction over the FDCPA Claim, it has declined to do so. This Court likewise has found that the Debtor's Bankruptcy Claim may not be asserted in the Adversary Proceeding.

As expressed in the Amended Complaint and Response, the Debtor's objective in asserting all of her claims in the Adversary Proceeding was to make it possible to pursue all claims in one forum to avoid the

---

**17.** The court in *Motichko* observed that "courts routinely hear contempt actions brought as adversary proceedings." *In re Motichko*, 395 B.R. at 32. This Court notes that the cases cited in *Motichko* in support of this statement either involved adversary proceedings where the courts did not specifically address the procedural issue of whether a claim for violation of the discharge injunction may be brought as an adversary proceeding versus as a contested matter, *see In re Schramm*, 2006 Bankr. LEXIS 4470; *Laws v. First Nat'l Bank (In re Laws)*, 2007 Bankr.LEXIS 1352, 2007 WL 1121266 (Bankr.N.D.Ohio Apr. 11, 2007); *Lohmeyer v. Alvin's Jewelers (In re Lohmeyer)*, 365 B.R. 746 (Bankr.N.D.Ohio 2007); *Braun v. Champion Credit Union*, 152 B.R. 466 (N.D.Ohio 1993), or were premised on an earlier version of Bankruptcy Rule 9020 that did not expressly provide that contempt proceedings are governed by Bankruptcy Rule 9014. *See Beck v. Gold Key Lease, Inc. (In re Beck)*, 272 B.R. 112 (Bankr.E.D.Pa.2002). Accordingly, these cases are distinguishable from the case currently before this Court.

procedural difficulties and duplicative expense associated with litigating in two forums. Rather than immediately dismissing the FDCPA Claim, this Court will afford the Debtor the opportunity to file a motion to withdraw the reference as requested. *See In re Vienneau,* 410 B.R. at 337 (declining to exercise supplemental jurisdiction over FDCPA claim (among other claims) but granting plaintiff the opportunity to have the district court withdraw the reference). Similarly, this Court gives the Debtor leave to dismiss the Bankruptcy Claim, to reassert such claim as a contested matter [18] and, if the Debtor elects to do so, to request withdrawal of the reference as to the contested matter. Accordingly, it is premature for this Court to address the Bank's allegations regarding the adequacy of the facts pled with respect to the Debtor's Bankruptcy Claim pending the reassertion of such claim as a contested matter and a determination by the District Court regarding whether such claim will be heard by this Court or by the District Court.

WHEREFORE, IT IS HEREBY ORDERED that, *within thirty (30) days of entry of this order,* the Debtor shall: (1) file a motion to withdraw the reference with respect to the FDCPA Claim or this Court will dismiss the FDCPA Claim; and, (2) dismiss the Bankruptcy Claim from the Amended Complaint and reassert

such claim as a contested matter or this Court will dismiss the Bankruptcy Claim.

At the conclusion of the foregoing thirty-day period, this Court will evaluate whether it is necessary to issue further orders in accordance with this decision and whether it is appropriate to set this case for a status conference.

**IT IS SO ORDERED.**

---

**18.** Pursuant to Bankruptcy Rule 9014(c), bankruptcy courts have the discretion to invoke Bankruptcy Rule 7023, on their own accord or upon motion by a party in interest, at any stage within a contested matter. Fed. R. Bankr.P. 7023(c) ("The court may at any stage in a particular [contested] matter direct that one or more of the other rules in Part VII [that are not otherwise expressly applicable pursuant to Bankruptcy Rule 9014(c)] shall apply."). The Sixth Circuit Court of Appeals has recognized the Bankruptcy Rule 7023 may be invoked in contested matters with

respect to filing class proofs of claim. *See Reid v. White Motor Corp.,* 886 F.2d 1462, 1469–70 (6th Cir.1989) ("Rule 9014 authorizes bankruptcy judges, within their discretion, to invoke Rule 7023, and thereby Fed. R.Civ.P. 23, the class action rule, to "any stage" in contested matters, including, class proofs of claim."). This Court expresses no view regarding the application of Bankruptcy Rule 7023 to a contested matter class action for alleged violations of the discharge injunction since such issue is not presently before this Court.